## TURNER BROTHERS *v.* CLARKE.

1. An affirmation of soundness of a horse, made at the time of sale, may or may not amount to a warranty, according to the intention of the parties.

2. A salesman employed by a dealer in horses and mules, who bought and traded for his principal, contracted to sell to a purchaser two horses, and to receive in part payment therefor a mule at a value mutually fixed by the salesman and the purchaser. Under these circumstances the salesman, in the course of the negotiations and to induce the sale, was authorized to warrant the soundness of the horses, and to bind his principal by such warranty.

3. The testimony was insufficient to show knowledge by the purchaser that the salesman was without authority to make the warranty alleged to have been made, and there was no error in repelling the salesman's testimony that he was without authority to warrant the soundness of the horses.

4. Where a witness specifically describes the symptoms of two horses afflicted with disease, it is for the jury to determine the similarity of the symptoms; but a new trial is not required in this case because the court allowed the witness to testify that the symptoms of disease of both horses were alike.

5. The evidence authorized the verdict.

JANUARY 16, 1915.

Action for breach of contract. Before Judge Ellis. Fulton superior court. January 7, 1914.

*McClelland & McClelland,* for plaintiffs in error.

*Mark Bolding,* contra.

EVANS, P. J. The defendants were horse dealers, and through their salesman sold the plaintiff two horses. It was alleged that the horses died, within a week of the purchase, from a malady with which they were afflicted, and which was not apparent to the plaintiff. The plaintiff further alleged that the salesman warranted the horses to be sound and ready for work; and the suit was for the breach of this warranty.

1. The plaintiff was allowed to testify that he told the salesman that he was about to harvest his crop, and did not wish to buy the horses unless they were well broken and ready for work, and that the salesman told him that the horses were absolutely sound and ready for work. The objection to the testimony was, that the salesman's statement was but an expression of opinion, and that, if the statement amounted to a warranty, the salesman was not shown to have authority to make a warranty. An affirmation of soundness of a horse, made at the time of sale, may or may not amount to a warranty, according to the intention of the parties. *Terhune* v. *Dever,* 36 *Ga.* 648. The trial judge aptly instructed the jury on the difference between a representation of fact, whether intended as a warranty or mere expression of opinion, as understood by the parties.

2. The salesman was shown to have been employed for several years by the defendants, who were dealers in horses and mules, buying and trading for his employers. In the instant case the plaintiff agreed to pay the price asked for the horses by the salesman, and the salesman agreed with the plaintiff to accept from him, in part payment of the purchase-price, a mule at a value mutually fixed by the salesman and the plaintiff. We think it clear that under these circumstances the salesman was invested with apparent authority to make the warranty. *Huguley* v. *Morris,* 65 *Ga.* 666; 2 Benjamin on Sales, § 1294. Moreover, the warranty that the horses were sound and ready for work is but the substantial equivalent that they were merchantable and reasonably suited to the use intended. *Snowden* v. *Waterman,* 100 *Ga.* 588 (28 S. E. 121). It is said in 30 Am. & Eng. Enc. Law, 163, that an implied war-

ranty, being an involuntary incident to the sale and a creature of the law, no question of an agent's authority can arise, and the same principle is applicable to express warranties which amount to nothing more than the law would have implied had the parties been silent.

3. The testimony was insufficient to afford an inference that the plaintiff knew that the salesman was a special agent and without authority to make a warranty of soundness. Hence the court properly repelled testimony of the salesman that he was without authority to make the warranty alleged to have been made in this case. A principal is bound to the extent of the apparent authority he has conferred upon the agent, and not by the actual or express authority, where that differs from the apparent authority. 31 Cyc. 1354.

4. A witness was allowed to testify that the symptoms of both horses were alike, over the objection that the witness should be required to state the symptoms of each and permit the jury to draw any inference of similarity. The witness did testify in detail to the symptoms of each horse just before death; and though the testimony may be open to the objection made against it, we do not think the defendants were hurt by its reception in evidence.

5. The evidence authorized the verdict.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*