*Travis & Travis, Hitch & Denmark,* for plaintiff in error.

*Oliver & Oliver,* contra.

---

10646.   NISBET *v.* VANDIVER.

1. The motion to dismiss the writ of error is overruled.
2. Where the instructions to the jury cover substantially all the issues in the case, in the absence of a proper and timely written request, a party will not be heard to complain that his contentions were not more specifically given to the jury.
3. "Newly discovered evidence which is merely cumulative, or which tends to impeach a witness, is not cause for a new trial."

4. There being some slight evidence to support the verdict, and the verdict having been approved by the trial judge, this court is powerless to interfere with it.

DECIDED DECEMBER 10, 1919.

Action for damages; from DeKalb superior court—Judge Smith. April 14, 1919.

Application for certiorari was denied by the Supreme Court.

The ground upon which it was contended that the writ of error should be dismissed was that the evidence was not properly briefed.

As to failure to use due care and skill in treatment of patient, counsel cited: Civil Code (1910), § 4427; *Akridge* v. *Noble,* 114 *Ga.* 949; Nevinger *v.* Haun, 197 Mo. App. 416 (196 S. W. 39, 42); 21 Ruling Case Law, 381; 21 Am. & Eng. Enc. L. (2d ed.) 510, XIII; Bates *v.* King, 191 Mass. 585 (77 N. E. 1154); *Pace* v. *Cochran,* 144 *Ga.* 262; *Hinkle* v. *Smith,* 12 *Ga. App.* 496; *Edwards* v. *Roberts,* Id. 140.

*Green, Tilson, & McKinney,* for plaintiff in error.

*Hill & Adams,* contra.

BLOODWORTH, J. Lee Winn Vandiver, by next friend, A. L. Vandiver, sued F. P. Nisbet, alleging in part that said Nisbet "was engaged in the practice of the profession of medicine, and was a licensed practicing physician and surgeon, in the town of Kirkwood, State and county aforesaid," and that said Nisbet, in extracting a lower tooth, had permanently injured him by failing: (*a*) "to properly administer the cocaine or other drug or compound given petitioner, and failed to exercise a reasonable degree of care and skill and diligence, in that he used an unclean and infected needle to administer said cocaine, and also injected unsterile cocaine into petitioner's gums preparatory to extracting said tooth;" (*b*) "to exercise reasonable and ordinary care, skill, and diligence in selecting and using clean faucets [forceps?] or instruments for the purpose of extracting petitioner's tooth as aforesaid;" (*c*) "to exercise reasonable and ordinary care, skill, and diligence in diagnosing petitioner's illness after the extraction of his said right-jawbone tooth as aforesaid;" (*d*) "to exercise reasonable and ordinary care, skill, and diligence in prescribing for and treating petitioner after the extraction of said tooth as aforesaid;" that as a result of this, gangrene developed in his lower jaw, on account of which "an operation became necessary which required the removal of three inches of his right jawbone,

and also his lower lip had to be opened from his mouth to the lower extremity of his chin, and that, by reason of the removal of his said jawbone and the opening of his chin as aforesaid, petitioner's face was disfigured and will remain disfigured for the remainder of his life, and his facial appearance has been mutilated and disfigured and rendered unnatural, and he will be embarrassed and humiliated for the remainder of his life by reason of said injuries as aforesaid, which petitioner avers are permanent," and that at the time of the extraction of the tooth the petitioner was eight years old and in good health. The defendant filed a plea in which he denied the charges of negligence, and alleged that "if any gangrene developed in the wound from which said tooth was extracted, it occurred after defendant's connection with the said case had terminated, and was in no manner caused by defendant." A trial resulted in a verdict for the plaintiff, the defendant filed a motion for new trial, which was overruled, and he excepted.

1. The motion to dismiss the writ of error is overruled.

2. When considered in connection with all the facts of the case, and in the light of the entire instructions given, the excerpts from the charge of the court of which complaint is made show no error that requires the grant of a new trial; the instructions of the court to the jury covered substantially all the issues made by the pleadings and the evidence, and only such issues; and in the absence of proper and timely written requests for more , specific instructions, the defendant will not be heard to complain that his contentions were not more specifically given to the jury. See *Butler* v. *State,* 21 *Ga. App.* 149 (1) (94 S. E. 267).

3. The ground of the motion in reference to the alleged newly discovered evidence of Doctors Duvall and Hinman is without merit. An amendment to the petition shows that Dr. Duvall was one of the physicians who performed the operation when a part of the jawbone of the petitioner was removed. This amendment was filed on August 15, 1917, and the case was not tried until the December term, 1918. Dr. Hinman was a witness and testified at the trial. As to a part, if not all, of this alleged newly discovered evidence the court might well have found that the movant had not shown proper diligence, and the only effect of this evidence would be

to impeach certain witnesses for the plaintiff. "Newly discovered evidence which is merely cumulative, or which tends to impeach a witness, is not cause for a new trial." *Sweat* v. *State,* 90 *Ga.* 316 (3) (17 S. E. 273).

4. There was some slight evidence authorizing the verdict; and the verdict having been approved by the trial judge, under the repeated and uniform. rulings of this court and of the Supreme Court a reviewing court is powerless to interfere. When the verdict is apparently decidedly against the weight of the evidence, the trial judge has a wide discretion as to granting or refusing a new trial; but whenever there is any evidence, however slight, to support a verdict which has been approved by the trial judge, this court is absolutely without authority to control the judgment of the trial court." *Bradham* v. *State,* 21 *Ga. App.* 510 (94 S. E. 618), and cases cited.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*