## 28543. MEYER v. RICH'S INC.

DECIDED NOVEMBER 1, 1940. REHEARING DENIED DECEMBER 12, 1940.

G. Seals Aiken, for plaintiff.

Hirsch, Smith & Kilpatrick, D. F. McClatchey, Ernest P. Rogers, for defendant.

FELTON, J. W. R. Meyer sued Rich's Inc. for damages from personal injuries. The petition predicated the right to recover on the negligence of the defendant in selling to the plaintiff a suit of clothes containing poisonous and injurious dye and chemicals, without warning him, after expressly representing that there was nothing whatever wrong with the suit and that it was all right in every respect and perfectly suitable for the use of the plaintiff as personal wearing apparel. By amendment it was alleged that the representations were wilfully and knowingly false or reckless, were intended to deceive the plaintiff, and did deceive him. On the trial a nonsuit was granted, and the plaintiff excepted.

The evidence showed that the defendant was having a special sale of men's suits, and that the plaintiff went to the store to buy one. In examining the suit which he later bought he observed that the manufacturer's label had been taken out of the inside of the coat. This made him suspicious, and he inquired about the absence of the label. The salesman stated that the manufacturer would not permit the suit to be sold at a reduced price with its label on it. The plaintiff then asked the salesman whether there was anything wrong with the suit. The salesman replied: "Mr. Meyer, I will guarantee on my word of honor there is nothing to be alarmed about, with that label out of there; you can rest assured that the suit is all right. You would be perfectly safe in wearing this suit." Under the circumstances related the statements of the salesman can not be construed to mean anything beyond a warranty that the quality of and workmanship on the suit would prove satisfactory. The warranty must be construed in connection with the inquiry to which the warranty was a response. There was no duty on the defendant to have the suit chemically analyzed, and the plaintiff knew that the defendant had not manufactured the suit. There was no evidence that the plaintiff understood the salesman to warrant the suit against dangerous dyes or chemicals, or that the salesman so intended. Neither was there any evidence that the plaintiff relied on the statement that it would be "safe" to wear the suit or was misled or deceived by it. The evidence did not authorize a recovery on the theory either of negligence or of fraud and deceit. It was not error to grant a nonsuit. In view of this ruling it is not necessary to pass on the various other questions involved. *Judgment affirmed. Sutton, J., concurs.*

STEPHENS, P. J., dissenting. I can not concur in the conclusion that the express warranty of the defendant's salesman, in response to the inquiry by the plaintiff, that "there is nothing to be alarmed about, with that label out of there; you can rest assured that the suit is all right," and that "you would be perfectly safe in wearing this suit," is limited and "can not be construed to mean anything beyond a warranty that the quality of and workmanship on the suit would prove satisfactory." As was said by Gray, J., in Dushane v. Benedict, 120 U. S. 630, 646 (7 Sup. Ct. 696, 30 L. ed. 810), "A warranty express or implied, that rags sold are fit to be manufactured into paper is broken, not only if they will not make good paper, but equally if they can not be made into paper at all without killing or sickening those employed in the manufacture." In that case the "defect" in the rags consisted of the presence of smallpox germs. An express warranty, such as above indicated, in the sale of a garment, that the purchaser may rest assured the garment is all right and that he will be perfectly safe in wearing it, is not so limited as to exclude a warranty against the presence therein of foreign substances which are injurious to the wearer of the garment in the course of the normal use of the garment. I think the evidence was sufficient to authorize the inference that the suit of clothes purchased by the plaintiff from the defendant was defective at the time it was purchased, as alleged, and that the wearing of it by the plaintiff caused the eczematic condition of the plaintiff's skin, producing the injuries complained of. I am of the opinion that the nonsuit was improperly granted.