28501. BEL *v.* ADLER et al.

DECIDED NOVEMBER 1, 1940.

476

*George G. McCoy,* for plaintiff.

*Abrahams, Bouhan, Atkinson & Lawrence,* for defendants.

FELTON, J. (After stating the foregoing facts.) 1. Construing the petition most strongly against petitioner, it is a purported suit for damages for a breach of an express or implied warranty of goods manufactured by a reputable manufacturer, sold by a retailer in an original, perfect-appearing package, or a suit based on negligence. No wilfulness or intention to deceive is alleged. The suit is not predicated upon the contention that there was a breach of an implied warranty that the goods were manufactured by a reputable manufacturer. It appears from the petition as construed against the plaintiff that the goods sold were in the original unbroken package, and that they were in a perfect-appearing package, and that it was impossible in the practical use of the package in the retail trade to discover hidden imperfection without breaking the package, and that the dealer had no positive knowledge or notice amounting to imputed knowledge. In such a case ordinary care does not require the dealer to open the package or analyze the goods. In the absence of an allegation that the goods were put up

or manufactured by the defendants, or that they were manufactured by a manufacturer who was not reputable, no cause of action based on negligence was set out. *Howard* v. *Jacobs Pharmacy Co.,* 55 *Ga. App.* 163 (189 S. E. 373); West *v.* Emanuel, 198 Pa. 180 (47 Atl. 965, 53 L. R. A. 329); 2 Restatement of the Law of Torts, 1089, § 402. The decision in *Davis* v. *Williams,* 58 *Ga. App.* 274 (198 S. E. 357) is not contrary to this ruling, because in that case the dealer could have discovered the imperfection by the use of ordinary care.

2. The petition did not set out a cause of action for breach of an implied warranty. There is no implied warranty by a dealer that an article or goods in a perfect-appearing original package, manufactured by a reputable manufacturer, which in practical use in retail trade can not be examined for imperfections, is suitable for the purposes intended. The only warranty by the dealer, in such circumstances, is that the goods are manufactured by a reputable manufacturer. The petition did not set out a cause of action for breach of express warranty. The words used by the dealer in this case are not to be construed as an express warranty, but as a recommendation of the goods, any more than that the dealer recommended the goods upon the strength of the manufacturer's implied warranty to the purchaser that the goods were suitable for the purposes intended. In order to charge the dealer with an express warranty in such a case, the circumstances must be sufficient to show, not only that the purchaser relied on the dealer's statements as being an express warranty, but that the dealer intended them as such, and knew that the purchaser was so relying, or would be justified in so doing. The recommendation of manufactured goods sold by a dealer, under the circumstances here, amount to no more than a warranty that they were manufactured by a reputable manufacturer. 2 Restatement of the Law of Torts, 1088, § 401. It was held in *Ray* v. *Burbank,* 61 *Ga.* 505 (34 Am. R. 103), that, in the absence of bad faith, the recommendation of the preparation or prescription of another, in language equally as strong as that used in this case, was no more than a recommendation, and that the dealer was not liable; and in that case the dealer filled the prescription.

The court did not err in sustaining the general demurrer to the petition as amended. *Judgment affirmed. Sutton, J., concurs.*

STEPHENS, P. J., dissenting. It is my opinion that the facts

alleged in the petition now before the court distinguish this case from those cases wherein the buyer of a patented or well-known article of merchandise in a sealed container from a retailer brings suit against such retailer for damages resulting from a breach of an implied warranty as to the suitability and fitness of the article. The present case is based on an express warranty or direct representation of a fact by an agent of the sellers. The words of the defendant's saleslady, with which the defendant was chargeable, amounted to an express warranty and a direct representation that the face cream sold to the plaintiff was pure, beneficial, and not harmful. It appears from the allegations of the petition as amended, that the plaintiff was a prospective customer in the store of the defendant, that she was in the particular department thereof in which cosmetics were offered for sale, that this saleslady inquired of the plaintiff if she had ever used any of this particular brand of face cream; and upon receiving a negative response from the plaintiff this saleslady stated directly to the plaintiff that the store highly recommended this face cream to its customers, that it was good, and that they had already sold a large quantity of it. Such statements might be classed as merely dealer's talk or puffing, and not binding on the defendant as a warranty or as a representation of a fact. It is, however, further alleged in the petition that the plaintiff directly asked the saleslady if the face cream was harmless, and that in reply thereto the saleslady stated that the cream was "pure, beneficial, and harmless, and that it would not harm the most tender skin, and that if it were not such the store would not sell or recommend it." This amounted to an express warranty and a direct representation as to the quality and fitness of the article offered for sale. It could hardly be held as a matter of law to be merely dealer's talk or puffing, which is ordinarily no warranty, and is held by the courts to be merely naked praise or simple commendation of property offered for sale. See 55 C. J. 690.

An express warranty exists where there is a positive and unequivocal statement to the buyer concerning the thing sold, which the buyer relies on, and which is understood by the parties as an absolute assertion concerning the thing sold, as distinguished from the mere expression by the seller of an opinion. Representations which merely express the seller's opinion, belief, judgment, or estimate as to the article sold do not constitute a warranty. See *Terhune*

v. *Dever,* 36 *Ga.* 648; *Smith* v. *Frazer,* 144 *Ga.* 85 (86 S. E. 235); 55 C. J. 689. However, a statement made in response to a direct query by the buyer as to the character or quality or fitness of the article offered for sale is ordinarily an express warranty or a direct representation of a fact. 55 C. J. 676, 682, and cit. An affirmation by an agent of the seller as to the fitness or soundness of the article sold, where relied on by the buyer as a statement of fact respecting the property, constitutes an express warranty. 55 C. J. 695, and cit. If it had been the intention of the saleslady to do no more than recommend the article, and not to expressly warrant it, she could easily have stated that in her opinion or belief the article was harmless, and that the store had sold much of it with no complaints, and that all of its customers were highly pleased therewith, etc. Instead, she affirmed, in response to a direct query from the customer, that the article was harmless. It is alleged that the plaintiff, relying upon these statements of the saleslady, purchased the cream, and as a result of the application thereof to her face she sustained the injuries sued for. See *Fouché* v. *Brower,* 74 *Ga.* 251, 263. An untrue statement that a thing is a fact, whereby the other party has been induced to act, amounts to a legal fraud, irrespective of whether it was wilfully or innocently made. *Cunningham* v. *Huson Ice &c. Co.,* 26 *Ga. App.* 302 (105 S. E. 860); *Dinkler* v. *Baer,* 92 *Ga.* 432 (17 S. E. 953). The fact that the seller innocently misrepresents a fact, on which the buyer acts to his injury, does not relieve the seller from liability. *Smith* v. *Mitchell,* 6 *Ga.* 458; *Bailey* v. *Jones,* 14 *Ga.* 384; Code, §§ 37-703, 96-203. See *Hayes* v. *Bank,* 143 *Ga.* 522, 534 (85 S. E. 699). I am of the opinion that the petition as amended set out a cause of action. I therefore dissent from the judgment affirming the sustaining of the demurrer.