### 29051. SPECHT *v.* GAINES.

DECIDED SEPTEMBER 16, 1941.

*W. Dewey Smith,* for plaintiff.
*McElreath, Scott, Duckworth & Riley,* for defendant.

SUTTON, J. Mrs. Caroline Specht brought suit for damages against Dr. J. B. Gaines, the petition alleging that she is the mother of Fred Specht, deceased, and that at all times mentioned in the petition she was dependent on him for support and that he contributed materially to her support; that he died on February 6, 1940, leaving no wife or child surviving him; that the defendant is a practicing dentist in the City of Atlanta and holds himself out as a skilled and able practitioner of dentistry; that on or about January 29, 1940, the plaintiff's said son visited the defendant at his office and consulted with him about a loose tooth root, upon examination of which the defendant advised immediate extraction and did extract the said tooth; that he did not exercise that degree of care required of him by the laws of this State or the degree of care which any prudent dentist would have exercised under the same or similar circumstances, in that he failed to make an x-ray

picture of the jaw of the plaintiff's son before making the extraction; that he failed to use sanitary, clean, and sterilized instruments in the probing and extraction of said root; that although the defendant discovered immediately after extracting said root that the plaintiff's son was suffering with necrosis of the mandible and was in great danger of infection and blood poisoning he failed to send him to a hospital to have the cavity properly curetted, failed to properly, sanitarily, and sufficiently curette the cavity himself, and failed to exercise any degree of skill and care for the safety and well-being of the plaintiff's son, but, on the contrary, negligently allowed him to develop "systinic" (systemic?) infection or streptococcus from which he died on February 6, 1940; that previously to the extraction of said tooth root the deceased was a healthy, able-bodied young man of the age of 28 years, earning as machinist's helper with the N. C. & St. L. Railroad the sum of $125 per month, and that his earnings would have increased at least fifty per cent. as he grew older, and that he had an expectancy of 35.69 years; that his death was caused directly and proximately by the negligence of the defendant; (a) in failing to x-ray said tooth and ascertain the true condition of the tooth and the surrounding parts of the deceased's mouth before making said extraction; (b) in failing to use proper care and skill in extracting the tooth; (c) in failing to exercise proper care and skill in treating the deceased after extracting said tooth and in failing to properly and sufficiently curette the cavity after extraction; (d) in using unsanitary implements in probing and extracting the tooth; (e) in extracting the tooth when he knew or in the exercise of ordinary care should have known that such an operation at the time would endanger the health and life of the plaintiff's son; (f) in failing to have the plaintiff's son hospitalized after discovering his condition.

The court sustained a general demurrer to the petition, and the plaintiff excepted.

1. "The provisions of the Code, § 84-924, that 'A person professing to practice surgery or the administering of medicine for compensation must bring to the exercise of his profession a reasonable degree of care and skill. Any injury resulting from a want of such care and skill shall be a tort for which a recovery may be had,' apply to a licensed dentist in the practice of his profession. This standard prescribed by the Code, 'when applied to the facts

and circumstances of any particular case, must be taken and considered to be such a degree of care and skill as, under similar conditions and like surrounding circumstances, is ordinarily employed by the profession generally.' The dentist must not only possess the requisite care and skill, but must exercise these qualifications. A dentist is not an insurer or warrantor that the exercise of his professional judgment will effect a cure of the patient. Nor is he obliged to bring to the exercise of his profession the utmost skill; if he measures up to the qualifications and applies the reasonable care and skill legally required of him, he is not responsible for a mistake of judgment. If, however, an error of judgment is so gross as to be inconsistent with that degree of care and skill which a dentist should possess and exercise, liability may result where an injury is produced." *Bryan* v. *Grace,* 63 *Ga. App.* 373 (11 S. E. 2d, 241).

2. A dentist in practicing his profession is under the duty, not only to use the requisite care and skill in a particular operation, but also to give such after-treatment to the patient as the necessity of the case demands, in the absence of any special agreement to the contrary. See 21 R. C. L. 389, § 34.

3. Applying the above-stated principles of law to the facts alleged in the present petition, that in extracting a tooth root of the plaintiff's son the defendant negligently failed to use sanitary instruments, and upon discovering that the jawbone of the patient was diseased and in great danger of infection and blood poisoning negligently failed to curette the cavity thereof or to send the patient to a hospital for such after-treatment, in consequence of which alleged negligence systemic poisoning or streptococcus developed in the jawbone, causing the death of the patient, on the same day of the extraction of the tooth root, a jury question was presented as to whether or not the defendant was guilty of such gross error of judgment as to amount to a failure to exercise the requisite care and skill towards the patient, and the court erred in sustaining the defendant's general demurrer to the petition. See *Nisbet* v. *Vandiver,* 24 *Ga. App.* 572 (101 S. E. 761).

*Judgment reversed. Stephens, P. J., and Felton, J., concur.*