31653. REESE *v.* HAGGARD.

DECIDED SEPTEMBER 13, 1947.

656

*Bennet, Peacock & Perry,* for plaintiff.

*Williamson & Crowe, S. B. Lippitt,* for defendant.

FELTON, J. 1. Under the general grounds of the motion for a new trial, counsel for the defendant insist that the evidence was insufficient to support the verdict with respect to the special damages awarded for the loss of the automobile on the basis that it was totally destroyed; and also that the evidence was insufficient for the jury to find how much depreciation, less than total destruc-

tion, the plaintiff's automobile had suffered as a result of the collision. We are in accord with this contention. The plaintiff alleged that his automobile was, prior to the collision of the fair market value of $1800, and after the collision, it was a total wreck, worthless, and had no market value whatsoever. With regard to the market value of the plaintiff's automobile, he testified: "I had an automobile. As to, do I know where that automobile is now— I have never seen it since the accident except when I went to the Crane Junk Yard at the end of the bridge down there to get my bag out of it. As to the condition of that car—that car had a total of about 32,000 to 33,000 miles on it; it was my wife's car and was driven very little, it was garaged every night, and it was maintained in every respect and taken care of, and I would say it was in absolutely perfect condition. I don't know the fair value of it. All I do know would be just from my investigation trying to get a car comparable to it. As to what was the fair market value of it in the condition it was in—well I would not have taken $1800 for it. I would say the fair market value, based on the way cars are selling, was $2000 to $2200. I don't recall what it cost. It was in good condition. I had a radio and a heater. It was in perfect condition. It was a four-door Oldsmobile sedan. I used it in my business. As whether I have driven it since—I have never seen it since. I don't know where it is today, I don't know where it is now." D. S. Hudson, Sheriff of Worth County, testified: "I saw Mr. Haggard's car the next morning. As to its condition, his car was torn up pretty bad, the front of it was. . . His car was pretty badly torn up." It is the well-established rule that the measure of damages for injuries to an automobile is the value of the property before the injury less the value after the injury. The plaintiff sufficiently established a value for the automobile prior to the accident, but failed entirely to establish that the automobile had, as alleged in his petition, been totally destroyed. Nowhere in his testimony does he say that the car was totally destroyed or to what extent it was damaged. One of his witnesses, as quoted above, did say that the front end of the car was pretty badly torn up, but he did not say to what extent, and the fact that the plaintiff last saw it in the junk yard was not conclusive of its total destruction. For the foregoing reason the court erred in overruling the motion for a new trial.

In ground 5 of the motion for new trial, as amended, counsel for the defendant complain of the following portion of the court's charge: "The plaintiff cannot recover if the defendant shall make it appear, to the satisfaction of the jury, that the defendant's employee, at the time of the injury, exercised all ordinary and reasonable care and diligence, or if the injury was caused by the failure of the plaintiff to exercise due care, or if both parties were at fault, and the plaintiff, by the exercise of due care, could have avoided the consequences to himself caused by defendant's negligence, if you find that the defendant was negligent," on the ground that this portion of the charge instructed the jury that it was incumbent upon the defendant to make it appear to the satisfaction of the jury that his employee had exercised all ordinary and reasonable care and diligence, whereas under the law the burden of proof was upon the plaintiff to show that the defendant's employee had not exercised all ordinary and reasonable care and diligence. Immediately preceding that portion of the charge excepted to, the court charged the jury: "The plaintiff must recover, if at all, by proof to your satisfaction, by a preponderance of the evidence, that the defendant was negligent. He cannot recover for any other or different acts of negligence than those alleged in his petition." Counsel for the plaintiff contend that this portion, together with certain other portions, of the charge cured the instruction of the error assigned. We think not. The ruling in *Wells* v. *Steinek*, 49 *Ga. App.* 482 (176 S. E. 42), is controlling on this point. The recorded charge in that case shows that the court charged the jury: "I charge you that the plaintiff carries the burden of proving his case as laid by the preponderance of the testimony. . . If you, gentlemen, find that the plaintiff has proven his case by the preponderance of evidence, it will then be your duty to render a judgment in favor of the plaintiff for the amount asked in his petition or for whatever sum you feel would be a reasonable amount for his damages. On the other hand, if the defendant has proven his case to the satisfaction of your minds that he is not indebted to the plaintiff in any sum whatsoever, then it will be your duty to bring in a verdict in favor of the defendant." In its syllabus opinion, the court said: "The burden was on the plaintiff to prove his case as laid, and no burden rested on the defendant to disprove the plaintiff's case. We think this

charge placed an illegal burden upon the defendant and that it was error for the court so to charge." In view of the ruling in that case, the charge in which, taken as a whole, was far less subject to assignment of error than the charge excepted to in this case, the court erred in giving in charge that portion of the charge excepted to.

3. (a) Special grounds 6 and 8 of the motion for new trial were specifically abandoned by counsel for the defendant in their brief; and

(b) The court's expression of the opinion that there was no contributory negligence in this case is not likely to recur on a new trial of the case, which must be granted in view of the rulings in divisions 1 and 2 of this opinion; and the same is true of the error assigned in ground 9 of the motion; and

(c) While it was error for the court to charge the jury, without qualification, the provision of Code, § 105-2003: "In some torts, the entire injury is to the peace and happiness, or feelings of the plaintiff, and, in such cases, no measure of damages can be prescribed, except the enlightened conscience of impartial jurors," and without confining the application of this principle to the damages claimed to have been suffered by virtue of pain and suffering, it is unnecessary to decide here whether this was such error as to cause a reversal of the case, as the case must at any rate be retried for the reasons assigned in divisions 1 and 2 of the opinion; and those grounds of the motion are not here passed upon.

For the reasons set forth in divisions 1 and 2 of this opinion, the court erred in overruling the defendant's motion for a new trial.

*Judgment reversed. Sutton, C. J., and Parker, J., concur.*