## 34090.   POSTELL *v.* BOYKIN TOOL & SUPPLY COMPANY.

DECIDED JUNE 17, 1952—REHEARING DENIED JULY 1, 1952.

*Johnson, Hatcher, Rhudy & Meyerson,* for plaintiff in error.
*Dunaway, Howard & Embry,* contra.

TOWNSEND, J. (After stating the foregoing facts.) ■ The defendant contended that the statements used amounted to nothing more than an implied warranty. Where goods are sold in the manufacturer's original sealed containers, and there is nothing to put the retailer on notice that they are not as represented to be, he is not liable on an implied warranty. *Davis v. Williams*, 58 *Ga. App.* 274 (198 S. E. 357). It is only in the absence of an express warranty that resort can be had to an implied warranty. *Johnson v. Latimer*, 71 *Ga.* 470; *Malsby v. Young*, 104 *Ga.* 205 (30 S. E. 854). Where the words used go no farther than and are the substantial equivalent of an implied warranty, the law relating to the latter will control. *Turner Bros. v. Clarke*, 143 *Ga.* 44 (2) (84 S. E. 116). The defendant denied that there was an express warranty, or that he intended an express warranty, and he therefore had a right to show that the goods came to him in their original packages. The overruling of the special demurrer to that part of the answer setting up these facts was without error.

2. A warranty, whether express or implied, necessarily enters into the consideration of the article sold. *Pryor v. Ludden & Bates*, 134 *Ga.* 288, 292 (67 S. E. 654) ; *Commercial Credit Co. v. Lewis*, 59 *Ga. App.* 144 (2) (200 S. E. 566). No particular form of words is necessary to constitute a warranty, but the question is what the parties intended. *Turner Bros. v. Clark*, supra. To recover for an express warranty it is necessary to show that the dealer intended the statement to be an express warranty and knew that the purchaser was relying on it as such; mere words of recommendation are not sufficient to constitute such a warranty. *Bel v. Adler*, 63 *Ga. App.* 473, 477 (11 S. E. 2d, 495) ; *Meyer v. Rich's Inc.*, 63 *Ga. App.* 896 (12 S. E. 2d, 123).

Here, however, the defendant recommended the product on the basis of the manufacturer's representations and his experience with it, but he also went farther, and, as testified, told the plaintiff, "I will stand behind it." He admitted that he knew at the time of this statement that the plaintiff was looking to him rather than to the manufacturer to stand behind the paint. The words, "I will stand behind it," may and usually do amount to an express warranty. *Mosby v. LaRue*, 143 Ky. 433 (136

S. W. 887). Indeed, we can hardly imagine a different implication for these words as here used. The defendant admitted in effect that he knew this was the construction placed upon them by the plaintiff. A warranty being a part of the consideration of a contract, the rule stated in Code § 20-703 that, where the intentions of the parties may differ among themselves, the meaning placed on the contract by one party and known to be thus understood by the other shall be held to be the true meaning, is applicable here. See *C. V. Hill & Co. Weinberg*, 67 *Ga. App.* 44, 46 (19 S. E. 2d, 430). Where an express warranty is made, it is immaterial whether or not the seller bases the same upon his own knowledge. *Terhune* v. *Dever*, 36 *Ga.* 648; *Williamson* v. *Walker*, 24 *Ga.* 257 (71 Am. D. 119).

It follows, therefore, that the evidence demanded a finding that the seller, in stating that he would stand behind the paint, knew that the plaintiff would look· to him rather than to the manufacturer to make good any defect, and sold the paint subject to this condition; that the paint was defective, and that the amount sued for represented the paints originally purchased plus the labor of putting them on and subsequently removing them, and that this labor was necessary in order that the new paint would adhere to the surfaces. The evidence therefore demanded a finding in favor of the plaintiff, and the judge erred in denying the motion for a new trial.

*Judgment reversed. Gardner, P.J., and Carlisle, J., concur.*