36501. PITTMAN *et al. v.* WEST *et al.*

DECIDED FEBRUARY 18, 1957.

*Kyle Yancey, Bullock, Bradford & Yancey,* for plaintiffs in error.

*Cullen M. Ward, Ward, Brooks, Parker & Daniel, William R. Hudson,* contra.

NICHOLS, J. 1. The first special ground of the amended motion for new trial complains that counsel for the defendant Pittman was not permitted a thorough and sifting cross-examination of the plaintiff James A. West. The motion for new trial shows that three times counsel asked this witness if he made a statement at the scene of the collision to the effect that the sole cause of the collision was the parked automobile of the defendant Neal. Each time the question was asked the witness replied that he did not remember making any such statement. The contention of the movant is that the witness should have been made to state that he denied making such a statement or that he didn't deny making such a statement. There was no evidence that any such statement was made by the witness and the question had been fully answered.

The right of a thorough and sifting cross-examination is well established, but the scope of such cross-examination rests largely within the discretion of the trial judge, and he may restrict useless and unnecessary repetition of questions which have been fully answered. *McLeod Brothers & Co.* v. *Wilson Brothers,* 108 *Ga.* 790 (33 S. E. 851) ; *Thompson* v. *State,* 166 *Ga.* 758, 777 (144 S. E. 301) ; *Sims* v. *State,* 177 *Ga.* 266, 269 (170 S. E. 58) ; *Clifton* v. *State,* 187 *Ga.* 502, 508 (2 S. E. 2d 102). Therefore, in the present case where the witness had answered the question propounded three times it was within the discretion of the trial court to sustain the objection to this question being asked again.

2. Special ground 5 complains that the trial court erred in charging the jury as to how to arrive at the damages to the automobile of the plaintiff James West. The contention is that there was no evidence as to the market value of the automobile either before or after the collision. *Reese* v. *Haggard,* 75 *Ga. App.* 654, 656 (44 S. E. 2d 290), is relied on by the movant in support of this contention.

West testified that just before the collision, two weeks before the collision, the automobile was worth $1,600 and that he had refused to take that for it, that after the collision it wasn't worth anything on the market except for junk, that it couldn't be moved, and that it wasn't advisable to repair it, that it couldn't be worth $50.

In *Reese* v. *Haggard,* supra, there was sufficient evidence as to the value of the automobile before the collision, but it was held that there was no evidence as to its value after the collision, nor was there any evidence as to its being totally destroyed, therefore that case is distinguishable from the one here under consideration. Although the evidence as to the market value of the automobile could have been more explicit, this court cannot say that there was no evidence as to the market value of the automobile so as to make the charge reversible error.

3. Special ground 6 complains of the following excerpt from the charge: "I charge you, on the matter of pain and suffering you can examine the pleadings of the parties, and also the answers and the amended answers of the defendants, and see to what extent the plaintiffs charge they were injured. They say they have suffered great pain, and have continued to suffer until this date, and that they will continue to suffer in the future, due to the injuries received on the occasion in question. And if you determine that the plaintiffs in any of the respective cases are entitled to recover for pain and suffering, it is a legitimate item upon which damages may be awarded. You will determine what sort of injuries the plaintiffs received, its character as to producing or not producing pain, the mildness or intensity of the pain, its probable duration, whether it has ceased, whether it has continued to this date, and whether it will continue in the future . . ." The contention is that there was no evidence as to present or future pain and suffering and therefore this charge was hurtful to the movant. An examination of the evidence in the case discloses that at least one of the plaintiffs had not fully recovered from the injuries sustained in the collision at the time of the trial, and the law infers bodily pain and suffering from personal injuries. *Dodson* v. *Cobb,* 92 *Ga. App.* 654 (89 S. E. 2d 552), and cases cited. The jury was properly instructed that the pleadings in the case (which alleged present and future pain and suffering) were not evidence but merely the contentions of the parties and could not be considered by it as evidence, and unless an allegation of the petition was admitted that it must be supported by evidence. The excerpt of the charge complained of did not express any opinion by the trial court as to either present or

future pain and suffering and was therefore not harmful to the movant for that reason, and in view of the whole charge was not harmful to the movant for any reason assigned.

4. Special ground 7 complains that the trial court, on request for a recharge by the jury, erred in charging the jury that they could find against the two defendants for different amounts, and that if the defendant against whom the lesser amount was found should satisfy the judgment against him it would be credited against the larger judgment against the other defendant.

The jury rendered joint verdicts against both defendants and therefore, even conceding that the charge was error it was not harmful error to either defendant.

5. There is no contention that the evidence did not support the verdict as to the defendant Neal, and the defendant Pittman in effect abandoned the general grounds of the motion for new trial by the statement in his brief that, "The evidence as to the negligence of the defendant, Pittman, was in conflict." Therefore, since the verdicts were not excessive the trial court did not err in denying the motion for new trial on the general grounds nor on the special grounds.

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*