### 42275. HOPPER v. McCORD.

FRANKUM, Judge. 1. Where counsel for one of the parties, either before or after objecting to certain testimony of a witness, elicits from the same or another witness testimony substantially to the same effect as that objected to, he thereby waives any objection he may have had to the testimony objected to, and an enumeration of error complaining of the admission of such testimony over objection thus presents nothing for this court to decide. *Rabun v. Wynn,* 209 Ga. 80, 83 (7) (70 SE2d 745). The first three grounds of error enumerated by the appellant are within this rule, and nothing in those grounds constitutes cause for reversal of the judgment for the defendant in this case.

2. In an action against an ophthalmologist for damages alleged to have resulted to the plaintiff by reason of the failure of the ophthalmologist to diagnose correctly the nature of an injury to the plaintiff's right eye wherein it appeared that the ophthalmologist-defendant at first diagnosed plaintiff's injury as merely an abrasion of the cornea, but where it subsequently developed that plaintiff had sustained an intraocular penetrating wound caused by a fragment of steel penetrating

the cornea and lens of his right eye and lodging in the vitreous at approximately the equator of the eye, and where the defendant testified that upon his initial examination of plaintiff's eye he found no evidence to cause him to suspect the penetrating wound to plaintiff's eye, and where the court fully charged the jury as to° the standard of care to be used by the defendant in diagnosing and treating the plaintiff's eye, it was not error for the court to charge also that "the law does not require that treatment given by a physician to a patient shall obtain nearly perfect, or perfect results. The physician is not responsible in damages for a lack of success, or honest mistakes or errors in judgment, unless it is shown from the evidence that the doctor did not exercise the degree of care and skill ordinarily employed by the medical profession generally, under similar conditions and like surrounding circumstances." *Smith v. Overby,* 30 Ga. 241, 243; *Brisendine v. Hunt,* 43 Ga. App. 115, 121 (7) (158 SE 469); *Specht v. Gaines,* 65 Ga. App. 782, 784 (1) (16 SE2d 507); *Hayes v. Brown,* 108 Ga. App. 360, 363 (1) (133 SE2d 102); 41 AmJur 217-219, Physicians and Surgeons, §§ 103, 104. The charge here was not argumentative, nor was it error because it undertook to charge the jury what the law does not require. It was merely an undertaking on the part of the judge to clarify the requirements of the law in the minds of the jury.

3. The court in charging the jury that "the law presumes that medical or surgical services were performed in an ordinarily skillful manner, and the burden is on the one receiving the services to show a want of due care, skill and diligence," was merely instructing the jury that the burden was on the plaintiff to prove his case as alleged in his petition. This charge was not erroneous for any reason assigned. *Fincher v. Davis,* 27 Ga. App. 494 (2) (108 SE 905); *Shea v. Phillips,* 213 Ga. 269, 271 (2) (98 SE2d 552).

4. The remaining assignments of error relate to the charge of the court on the measure of damages, and since the jury found for the defendant and against the plaintiff, they obviously found no liability and did not reach the point of considering the question of damages. Therefore, any charge respecting the measure of damages, even if error, could not possibly have harmed the plaintiff and will not be cause for the reversal of the judgment.

5. The evidence, though conflicting in some respects, amply authorized the verdict for the defendant.

*Judgment affirmed. Felton, C. J., and Pannell, J., concur.*

SUBMITTED SEPTEMBER 9, 1966—DECIDED JANUARY 11, 1967.

*Clower & Royal, E. J. Clower,* for appellant.

*Matthews, Maddox, Walton & Smith, Oscar M. Smith,* for appellee.