44952. REISS, by Next Friend v.
HOWARD JOHNSON'S, INC.

DEEN, Judge. 1. The law infers bodily pain and suffering from personal injuries. *Pittman v. West*, 95 Ga. App. 149 (97 SE2d 387). One disabled by a personal injury resulting from negligence is entitled to nominal damages for loss of time although there is no definite evidence of its value. *City of Greensboro v. McGibbony*, 93 Ga. 672 (20 SE 37). And where a legal right has been invaded, the party may recover nominal damages although the actual damage or

injury is minimal. *Williams v. Harris,* 207 Ga. 576 (63 SE2d 386). Whether the injuries as to which the plaintiff testified, and which became apparent to her within a 24-hour period after the alleged tort, in fact developed and whether, if so, they developed as a result of the tort rather than for some other cause, are not such clear and palpable causal relationships as may be decided by the court as a matter of law. Proximate cause is for the jury except where the only reasonable inference from the facts is that the negligence did not appreciably contribute to the injury. *Letton v. Kitchen,* 166 Ga. 121 (142 SE 658); *Adams v. Jackson,* 45 Ga. App. 860 (166 SE 258); *Tallman v. Green,* 74 Ga. App. 731 (41 SE2d 339). The plaintiff's testimony was that she was struck in the back of the neck by a tray at about 10 p.m.; that she immediately went home and went to bed at about 11:30, that she went to sleep and when she awoke in the morning had great pain in the back of the neck, headache, and shooting pains through her arm and shoulder; that she was unable to get up, and as a result missed a week's work and incurred certain medical expenses, but that she suffered no particular pain at the time of the blow. We cannot say that this evidence demands a finding that the blow was not related to the disability. The question of causal relationship should have been submitted to the jury.

2. As to the blow itself, it is undisputed that a waitress of the defendant dropped a tray which fell and lodged between the plaintiff's back and the seat in which she was sitting. The plaintiff testified that this tray first fell and the edge hit her on the back of the neck. The waitress testified that as she was passing the plaintiff's booth the plaintiff was in conversation and gesticulating with her hand, and that as the waitress approached from behind her, her hand accidentally hit the tray which unbalanced it and caused it to fall. The plaintiff was then asked: "Now, going back to the time that the occurrence took place, do you recall whether or not you did anything, any form of movement that caused the tray to fall?" She answered, "No, I did not." The defendant contends that this is an affirmative statement by the plaintiff that she does not recall what happened, but we take the words, "I did not" to mean that the plaintiff did not do anything which caused the tray to fall. On

motion for directed verdict the evidence must be construed in its light most favorable to the adverse party in determining whether the verdict is demanded. *Whitaker v. Paden*, 78 Ga. App. 145 (1) (50 SE2d 774). So construed, the evidence as to whether the tray actually hit the plaintiff on the neck is in conflict.

The trial court erred in directing a verdict for the defendant.

*Judgment reversed. Hall, P. J., and Evans, J., concur.*

SUBMITTED JANUARY 12, 1970—DECIDED FEBRUARY 5, 1970.

*Paul R. Koehler,* for appellant.

*Smith, Cohen, Ringel, Kohler, Martin & Lowe, Williston C. White,* for appellee.