57800. SMITH et al. v. TARATUS et al.

MCMURRAY, Presiding Judge.

This case involves an action in four counts by the plaintiff, Mark A. Smith, Jr., individually and as next friend of his minor daughter, Leila Smith. Three of the counts are directed against the defendant, Dr. Kenneth S. Taratus, a dentist limiting his practice to orthodontics. Another count was directed against another defendant dentist also practicing orthodontic dental services but that defendant is no longer involved in this case.

Count 1 alleged an express breach of warranty;

Count 2 a breach of contract; and Count 3 was for negligent treatment. Plaintiff alleges that his minor daughter was treated by Dr. Taratus to correct certain irregularities in her teeth and malocclusion and that in treating her Dr. Taratus expressly warranted his orthodontic treatment would cure her condition. His treatment continued for some time until he released her stating that the condition for which orthodontic treatment had been contracted had been fully corrected. Thereafter it was determined that the minor daughter still suffered from malocclusion of her teeth and that further treatment was necessary, resulting in the employment of another orthodontist.

The case came on for trial. At the completion of plaintiff's evidence in response to defendant Taratus' motion for directed verdict, the court sustained the motion as to Count 1 as to the insufficiency of the evidence to prove an express warranty and a breach of same. However, the court overruled the motion as to Count 2 as to the breach of contract and as to Count 3, the negligence action of malpractice. The jury returned a verdict at the completion of the trial in favor of the defendant Taratus as to Count 1, by direction of the court, and as to both Counts 2 and 3, and the judgment followed the verdict. A motion for new trial was then filed and denied. Plaintiff appeals, alleging only error in the direction of the verdict as to Count 1, contending that there had been evidence offered that would support an express warranty. *Held:*

1. Generally, a dentist is not an insurer or warrantor that the exercise of his professional judgment will effect a cure of the patient. See *Bryan v. Grace,* 63 Ga. App. 373 (1c), 379 (11 SE2d 241); *Young v. Yarn,* 136 Ga. App. 737, 739-740 (3) (222 SE2d 113). The fact that treatment results unfavorably does not in and of itself raise a presumption of want of proper care, skill or diligence. *Hayes v. Brown,* 108 Ga. App. 360, 363 (1) (133 SE2d 102); *Branch v. Anderson,* 47 Ga. App. 858, 860 (171 SE 771); *Hopper v. McCord,* 115 Ga. App. 10, 11 (2) (153 SE2d 646).

2. But the question here involved is based upon an alleged express warranty that the defendant doctor expressly stated that his orthodontic treatment would cure the plaintiff's minor daughter's condition and that he

released her from treatment after allegedly telling plaintiff's wife that, "the conditions for which orthodontic treatment had been contracted for on behalf of Leila Smith had been fully corrected." The sole question for determination here is whether the evidence before the court was sufficient for jury determination as to an express warranty and a breach thereof. On motion for directed verdict the evidence must be construed in its light most favorable to the adverse party and against the party making the motion in determining whether the verdict is demanded. See *Reiss v. Howard Johnson's, Inc.,* 121 Ga. App. 119, 121 (173 SE2d 95); *Osborne v. Martin,* 136 Ga. App. 86, 88 (5) (220 SE2d 19). *Johnson v. Curenton,* 127 Ga. App. 687 (2) (195 SE2d 279), does not apply as this testimony did not arise from the party litigant.

The evidence here submitted to establish an express warranty was that the plaintiff's minor daughter had been examined by the defendant doctor who stated she needed orthodontic treatment, had expressed exactly what was wrong with her teeth and "that he would straighten out her condition." A witness testified positively that the answer to the question that he would straighten out her condition was, "Absolutely." In further answer to questions in this regard the witness answered that, "he just said he would take care of Leila's orthodontic problems." This witness was then propounded the question, "would that mean that he would cure that condition?" The answer to this question was again, "Absolutely." Here the issue was not one of negligence or breach of contract as a doctor is not an insurer or one who can always effect a cure, *Hayes v. Brown,* 108 Ga. App. 360, supra, but whether or not the defendant doctor had made an express oral warranty to cure the patient. True, he denied that he had made such express warranty, but did the evidence raise an inference sufficient to deny the defendant's motion for directed verdict? Since there is no particular form of words needed in order to create a warranty and that warranty may be oral or written it is our opinion that the above testimony was sufficient to create a jury issue. See *Dixie Seed Co. v. Smith,* 103 Ga. App. 386, 387 (3), 390 (119 SE2d 299); *Atlanta Tallow Co.*

*v. Eshelman & Sons,* 110 Ga. App. 737, 747-748 (140 SE2d 118). Other testimony here shows that following the express warranty and treatment the defendant released the patient as cured. Further treatment was then necessary to obtain a cure, and upon plaintiff's expression of dissatisfaction to the doctor his explanation to the plaintiff was that she was suffering from another problem caused by "a lateral tongue thrust, that there was nothing that he or any orthodontist could do, that the matter should be treated by a speech therapist and that he was very sorry that . . . [plaintiff] . . . had gone to . . . [another orthodontist]."

*Judgment reversed. Quillian, P. J., Smith, Shulman, Banke and Carley, JJ., concur. Deen, C. J., Birdsong and Underwood, JJ., dissent.*

ARGUED MAY 2, 1979 — DECIDED JULY 16, 1979 — REHEARING DENIED JULY 27, 1979 —

*Peter J. Krebs,* for appellants.

*Powell, Goldstein, Frazer & Murphy, Daryll Love, Anthony L. Cochran, Long, Weinberg, Ansley & Wheeler, Palmer H. Ansley,* for appellees.

UNDERWOOD, Judge, dissenting.

My review of the record in this case leads me to the conclusion that the trial court properly directed a verdict for the defendant with respect to Count 1 which was based upon an alleged express warranty.

The evidence shows that following Leila Smith's visit to his office, Dr. Taratus wrote a letter to the patient's parents setting forth a schedule of charges for Leila's treatment. Nothing in the letter could be construed as making any representations as to the results of the forthcoming orthodontic treatment. Therefore, the only evidence supporting the alleged express warranty is the following testimony of Leila's mother concerning her initial conversation with Dr. Taratus:

"Q. Did he say Leila needed orthodontic treatment? A. Right. Q. Did he express to you exactly what was wrong? Did he describe it in any way? A. He certainly did,

but I at this time cannot give you the exact medical or technical terms as to how he described it. Q. What is your best recollection? A. I just really don't know the terms or I cannot express it in dental or medical terms the way he expressed it. Q. But somehow the information was conveyed to you that she did need orthodontic treatment? A. Certainly. Q. Did it involve only the question of straightening the teeth? A. As I say, I don't really know the medical or the dental terminology, so I just don't know. Q. Did Dr. Taratus tell you in words that he would straighten out her condition? A. Absolutely. Q. What exactly did he say? A. Well, that's been a long time ago. I can't quote Dr. Taratus word for word. He just said that he would take care of Leila's orthodontic problems. Q. Would that mean that he would cure that condition? A. Absolutely."

"An express warranty is a contract, and in order for a petition to set forth a cause of action based thereon it is essential that it show that both parties to the alleged contract understood and agreed to the same thing." *Atlanta Tallow Co. v. Eshelman & Sons, Inc.,* 110 Ga. App. 737, 751 (140 SE2d 118) (1964). "No particular form of words is necessary to constitute a warranty, but the question is what the parties intended. [Cit.] To recover for an express warranty it is necessary to show that the dealer intended the statement to be an express warranty and knew that the purchaser was relying on it as such; mere words of recommendation are not sufficient to constitute such a warranty." *Postell v. Boykin Tool & Supply Co.,* 86 Ga. App. 400, 402 (2) (71 SE2d 783) (1952).

In the instant case, the patient's mother was emphatic in her testimony that a cure had been promised, but did not testify specifically as to any direct expression or statement of the doctor upon which such perception was based. I don't believe there can be a jury question concerning the existence of an express warranty in the absence of more specific allegations of statements or expressions which gave rise to such warranty. In cases involving medical or dental services and conversations between doctor and patient, the allegation of an express warranty should be supported by testimony as to expressions of reasonable particularity allegedly made by

the doctor and not simply by a patient's subjective conclusion with respect to the meaning of the doctor's expressions. Statements through which a doctor intends to convey his opinion and reassurance concerning the impending medical procedures may be perceived by the patient as a promise that a satisfactory result will be achieved. In my opinion, a party asserting that an express warranty was created in a doctor-patient conversation has the burden of showing with more particularity than is present here the expressions which formed the promise. I believe the trial court applied the correct standard in directing a verdict on the express warranty issue and I would affirm.

I am authorized to state that Chief Judge Deen, and Judge Birdsong, join in this dissent.