JAMES L. WATKINS, plaintiff in error, vs. JOHN S. PAINE, defendant in error.

1. The successor of the judge who presided at the trial may authenticate to this court the grounds taken before himself in motion for a new trial.

2. A press letter book is not original but secondary evidence of the contents of the letters.

3. If the charge, as a whole, is not inapplicable, the inapplicability of some parts of it will not avail on a general objection to it as a whole.

4. When it is desired that the charge should be more definite and specific as to a certain branch of the case, attention should be called thereto by a proper request.

5. Delivery to a carrier according to the usage of trade, will be delivery to a purchaser of goods who orders them to be shipped, but specifies no particular carrier or class of carriers, and after notice of shipment, makes no objection to the carrier selected.

6. After a purchaser has retained the goods for nearly two months, without giving notice of his rejection of them as not coming up to the description embraced in his order, his appropriation of a part by a sale thereof will be an appropriation of the whole, so far as to subject him to pay for them at their real value, not exceeding the contract price.

7. Letters which might have been put in evidence at the trial, but were not, will not be considered on a motion for new trial.

8. When material facts were known to the party at the trial, and he was a competent witness to prove them, but made no allusion to them in his testimony, and when he might, also, by the use of due diligence, have discovered another witness who knew the same facts, the discovery of this other witness, after the trial, will be no cause for a new trial.

9. The verdict was not contrary to evidence.

New trial. Evidence. Charge of Court. Practice in the Superior Court. Carriers. Delivery. Sales. Before Judge PEEPLES. Fulton Superior Court. October Term, 1875.

Reported in the opinion.

Watkins *vs.* Paine.

ARNOLD & ARNOLD; ROBERT BAUGH, for plaintiff in error.

COLLIER & COLLIER, for defendant.

BLECKLEY, Judge.

1. Objection was made in this court to considering some of the grounds of the motion for new trial, because Judge Hopkins presided at the trial of the case, and the motion for new trial was made before his successor, Judge Peeples, who probably had no personal knowledge of what transpired at the trial. The bill of exceptions, certified by Judge Peeples, states that the court charged and refused to charge as set forth in the motion. When the motion for a new trial is not made before the judge who presided at the trial, but before his successor, and the new trial is refused, and thereupon the refusal is complained of as error, the grounds of the motion, as to matters of fact, are well authenticated by a distinct affirmation of their truth in the bill of exceptions. The judge who hears the motion and certifies the bill of exceptions, is competent, in law, to ascertain and decide upon the truth of the grounds, and his certificate is conclusive.

2. The defendant's " original letter-press copy book," was rejected as evidence of the contents of letters which he had written to the plaintiff. The letters, themselves, were the primary evidence, and nothing was done to procure them, or account for their non-production.

3. One of the grounds of the motion for new trial is, that the charge of the court, as a whole, was inapplicable to the case. We do not think it was; and this sweeping objection will not bring under review the applicability of separate parts of the charge.

4. Another complaint is, that the court should have explained to the jury the effect of a delivery to the carrier in Boston, if the contract was for delivery in Atlanta. The decided weight of the evidence was that the goods were to be

Watkins *vs.* Paine.

shipped from Boston with no undertaking to deliver else-where. The only evidence which could be construed as hint-ing a contract to deliver in Atlanta, is the statement in the defendant's testimony that they were to be forwarded so as to reach Atlanta by the first of January. And such a construction would be a forced one. This testimony goes to expedition, and not to place of delivery. But, in any view of the matter, as the court had made a charge applicable to the main drift and cur-rent of the evidence, the defendant should have called atten-tion to the omission to notice a cross-current so very feeble. There was no request to extend or amplify the charge, or to give any specific proposition.

5. The action is for the price of the goods, or their value. By letter written at Atlanta on December 26th, addressed to the plaintiff at Boston, the defendant ordered the plaintiff to ship at once "at the low rates." The plaintiff shipped by steamer, via Charleston, on December 31st. So far as ap-pears, no objection was ever made by the defendant to the conveyance selected, or to the rates of freight. This being so, it was not error to charge the jury that "if defendant di-rected plaintiff to ship the goods to him from Boston to At-lanta, and plaintiff delivered them for defendant to the carrier by which such shipments were usually made in that trade, it would be a delivery to defendant, if the kind and quality of goods ordered were shipped, and it was within the time con-templated by the order. If not within that time, or if they were not such as were ordered, such a delivery to the carrier would not be a delivery to the defendant, and he would have the right, when received by him, to reject or accept them as he saw proper."

6. The whole purchase amounted to a little less than $500. The items of the bill consisted of furniture, two sets priced separately, and various articles, such as bureaus, desks, etc., at so much each, all embraced in the same order and ship-ment. The defendant received the goods on January 15th, and, so far as appeared in evidence to the jury, made no ob-jection to them until March 10th. In the meantime, or after-

wards, he sold $134 50 worth of them; and the rest were destroyed in his store by fire on April 3d.  His complaint was: first, that the goods, by the contract, were to have arrived in Atlanta by the first of January; secondly, that some of the ornaments embraced in the same order and essential to the finish of certain of the articles never did arrive; and thirdly, that many of the goods were not of the quality ordered, but inferior and of less value.  The plaintiff's evidence went to show that the goods sent were precisely those ordered, and of the value charged in the bill.  The defendant testified that they were not of the quality ordered, and that their value was less by so much.  As to the time of arrival, plaintiff's evidence set up a contract without any stipulation touching the time of arrival, but for shipment within a reasonable time, and without needless delay.  The defendant testified that the goods were to be forwarded so as to reach Atlanta by the first of January; but he wrote a letter from Atlanta to the plaintiff at Boston, on the 26th of December, directing him to ship at once, and the plaintiff did ship on the 31st of the same month.  The original order was given in Atlanta, verbally, to the plaintiff's agent, on the 16th of December. Under this state of facts, it was not error for the court to add to the foregoing charge, these further instructions: "That if the goods were not such as were ordered, the defendant might appropriate them, and he would be liable for their reasonable value.  If the purchase was an entire transaction, and there was an appropriation of a part of the goods, it would be an appropriation of the whole."  To retain the whole for nearly two months, without complaint, might well be considered an appropriation of the whole, though there had been no sale by the defendant of any part, but both circumstances put together would undoubtedly justify this part of the charge. After keeping the goods such a length of time, it would be too late to treat the purchase as still executory.  Any subsequent offer to restore them could only be in the nature of a proposition to rescind, and to reach rescission the seller would have to be reinstated in his ownership of all the property em-

braced in the same order. If the defendant sold a part thereof, which seems to have been the case, he put rescission out of his power. The court did not charge that appropriation would make the defendant liable for the contract price but for reasonable value.

7. In the motion for new trial, the defendant seeks to avail himself of certain letters that passed between the parties, of which he gave no evidence to the jury. These letters cannot be considered, for the reason that their contents were not used on the trial, and no sufficient excuse appears for leaving them out of the case. They were as well known to the defendant then as now.

8. The alleged newly discovered evidence of the defendant's father is no ground for new trial. The facts were known to the defendant himself at the trial; he was competent to testify to them, and although examined as a witness, he said nothing about them. That his father also knew the facts, might have been ascertained by the use of due diligence. Such diligence is not shown. There was inquiry made of the father as to his knowledge of the original contract, but none as to his knowledge of the modification, which is the matter sought to be brought in as newly discovered. The father was agent and salesman in the defendant's establishment, and that situation pointed him out as one likely to be well informed touching the current business. But the insuperable difficulty is, that the defendant, himself, knew the facts, and voluntarily left them out of his testimony.

Judgment affirmed.