4384. DₑVAUGHN'S SON *v.* OHIO POTTERY & GLASS CO.

1. Where a contract for the purchase of goods is entire, "the whole contract stands or falls together." In such a case the purchaser can not accept a part of the goods and reject the remainder. Civil Code (1910), § 4228; *Broxton* v. *Nelson*, 103 *Ga.* 327 (68 Am. St. R. 97, 30 S. E. 38).

2. Where the purchaser rejects a part of the goods sold under an entire contract, because the rejected goods are of a quality inferior to those contracted for, he is not bound for the full amount of the agreed price, but is to be treated as if he had accepted goods of a quality inferior to that covered by an express warranty. In such a case the purchaser is entitled to an abatement in a sum which represents the difference between the market value of the goods contracted for at the time and place of delivery and of those which the seller sought to deliver. *Henderson Elevator Co.* v. *North Georgia Milling Co.*, 126 *Ga.* 279 (55 S. E. 50).

DECIDED DECEMBER 21, 1912.

Complaint; from city court of Oglethorpe—Judge Greer. July 25, 1912.

*John B. Guerry,* for plaintiff in error.   *Jule Felton,* contra.

POTTLE, J.  The fundamental error in the position of counsel for defendant in error lies in the assumption that because the contract is entire and the purchaser accepted a part of the goods, he could not complain of the inferior quality of the remainder of the goods, which the vendor subsequently sought to deliver. Unquestionably the contract in this case was an entire one, because it was for a number of articles of merchandise bought under one order and for a gross price, all to be delivered upon the same day. By the express terms of the statute this contract must stand or fall together. Hence it is that the purchaser was bound either to take or reject all of the goods. Nor does it make any difference that the goods rejected were shipped subsequently to the date on which the goods accepted were delivered. But where goods of a particular kind and quality are sold, there is an express warranty that the goods delivered will be of the kind and quality described in the contract. Acceptance of the goods is not a waiver of the purchaser's right to plead a breach of this express warranty, and he is entitled to an abatement of the purchase-price in a sum which represents the difference in market value at the time and place of delivery between the goods contracted for and those delivered. In the present case the purchaser accepted the enamel ware, but rejected the crockery. Since the contract was entire, he can not defeat the vendor's right

to recover for the crockery, but by rejecting this portion of the shipment he ought not to be put in any worse position than if he had accepted it. Treating the delivery of the crockery as complete, and the attempted rejection as abortive, the purchaser was nevertheless, under his pleading and his proof, entitled to some abatement in the purchase-price.

The trial judge directed a verdict for the full amount of the purchase-price. This was erroneous. The case should be submitted to a jury upon the plea of partial failure of consideration, in order that they may say what abatement, if any, the defendant is entitled to have from the agreed price of the crockery.

*Judgment reversed.*