### 13330.   COHEN *v.* ARENSON.

The evidence having demanded the verdict which was directed by the trial court in favor of the plaintiff, the judgment of the superior court, sustaining the defendant's petition for certiorari, was error.
                      DECIDED FEBRUARY 22, 1923.

Certiorari; from Bibb superior court — Judge Mathews. December 28, 1921.

*Jones, Park & Johnston, A. M. Lamar,* for plaintiff.

*Oliver C. Hancock,* for defendant.

BELL, J. Upon the trial in the municipal court of Macon the undisputed evidence showed the following facts: On July 29, 1920, the plaintiff, A. M. Cohen, shipped to the defendant, J. Arenson, doing business as Macon Department Store, certain

clothing described in an invoice which was mailed by the plaintiff to the defendant on the same date, a copy of the material parts of which is as follows:

" A. M. Cohen.   Baltimore, Md., July 29th, 1920.

" Sold to Macon·Dept. Store, Macon, Ga.

" Terms          net          60.

" 6043          12          Y. M. suits $16.50          $198.00."

The defendant, on receipt of the goods from the carrier, placed them in his store in the original package, to hold for the plaintiff, and at once (on August 6, 1920) wrote to the plaintiff as follows: "Macon, Ga., Aug. 6, 1920.   A. M. Cohen, Baltimore, Md.   Dear Sir: I received the suits to-day which you shipped me.   They were badly made up and cheaply lined, and I don't want them at all. Besides, you *guaranteed the price* [italics ours], and clothes of that kind can be bought much cheaper now.   If you will kindly send me check for $3.00, the express charges I paid on same, I will return them at once.   Respt. yours, J. Arenson."   The plaintiff replied by letter to the defendant as follows: " Aug. 9, 1920. Macon Dept. Store, Macon, Ga. Dear Sir:   Your communication of the 6th inst. to hand and noted.   In compliance with your request therein we have to-day credited your account with ten per cent.   (10 %) of the amount of the invoice recently shipped you, which action, we trust, meets with your approval.   Thanking you for past favors, we are, Yours very truly, A. M. Cohen."   There were no further communications between the parties until October 13, 1920, when the defendant shipped eleven of the twelve suits back to the plaintiff, advising the plaintiff by letter: " We are returning to you by express eleven suits which you shipped to us. You will remember that we wrote you at the time that we could not accept same.   We used one, for which we are enclosing check for $16.50 to cover."   The plaintiff refused to accept return of the eleven suits, but accepted the defendant's check for $16.50, and sued the defendant for the remainder of the invoice after crediting the amount of this check and the 10 % allowance referred to in plaintiff's letter of August 9.   The defendant testified that he never did give to plaintiff any order for the goods, but that they were shipped by the plaintiff without any order.   On the other hand there was evidence introduced by the plaintiff to the effect that the goods were shipped on order of the defendant.   As to the

one suit for which the payment was made, the defendant testified: " The boy who took the suit was there in the store, and was my son. It was all right for him to take the suit, and I never raised any objection to his taking it."

If there was ever any contract for the sale and purchase of the goods, it was entire. *Broxton* v. *Nelson,* 103 *Ga.* 327 (30 S. E. 38, 68 Am. St. R. 97); *Henderson Elevator Co.* v. *N. Ga. Milling Co.,* 126 *Ga.* 279 (2) (55 S. E. 50). If, as the defendant contends, he did not order the goods, then the shipment of them under the plaintiff's invoice was an offer to sell, and an offer to form a contract entire in its nature as to all of the goods. The defendant must accept or reject as a whole the goods as shipped under the alleged contract, and we are inclined to the view that the use of one of the suits by his son, whose act his letter and testimony shows him to have ratified, should alone be sufficient to demand the finding against the defense made. *Arnall-Couch-Powers Co.* v. *National Discount Co.,* 11 *Ga. App.* 487 (75 S. E. 816); *Merchants &c. Co.* v. *Moore,* 124 *Ga.* 482 (52 S. E. 802). But a ruling upon this question, under the facts, is not required.

Was the shipment merely an offer, or was it made in pursuance of a contract already made? It is to be noted that Arenson wrote to Cohen on August 6, " Besides, you guaranteed the price, and clothes of that kind can be bought much cheaper now." The word " guaranteed " implies that the parties had entered into a contract with respect to a sale. This letter signifies three things: (1) a previous understanding between the parties in which Cohen guaranteed the price; (2) that Arenson is dissatisfied because the goods were billed to him in disregard of that guaranty; (3) that he is dissatisfied also because the goods were not properly made up. The defendant's sole objection is to the quality and the price,— that the latter was not in accordance with that which was " guaranteed." When sued he does not raise either of these objections, but contends that there was never any contract for their purchase, a defense wholly inconsistent with his writing and his conduct. " Where the purchaser sent to the seller a telegram stating his ground of objection for refusing the goods, and refusing to give his note for the price, this amounted to a waiver of other objections of which he then had knowledge, and which he could have urged." *Tuggle* v. *Green,* 150 *Ga.* 361 (2) (104 S. E. 85).

If the inference of contractual relations were not already demanded, we might notice also that the reply of Cohen of August 9, allowing a credit of 10 per cent. from the invoice price, thus undertaking to accede to Arenson's then complaint, with the wish that it might meet with his approval, did so far effect its purpose that it was more than two months before Arenson deigned to respond either by returning the goods or answering this letter.

The verdict for the plaintiff was demanded, and the judge of the superior court was in error in setting the same aside on certiorari.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*