25298.   CARADINE HAT COMPANY *v.* FARMERS EXCHANGE STORE.

STEPHENS, J.   1. Where goods, a part of which have been ordered and a part of which have not been ordered, are delivered to a purchaser, an acceptance by the purchaser of only the goods ordered, and a rejection by him of the goods not ordered, is not an acceptance of the entire order, where the portions of the goods accepted are capable of identification as being the goods ordered. Thus where a manufacturer of hats shipped to a retail merchant fourteen dozen hats of various styles, and the merchant had ordered and had authorized to be shipped and delivered to him only five dozen of the hats and they were capable of identification and segregation from the rest of the shipment by numbers indicating the styles, an acceptance by the merchant of the five dozen hats thus designated which he had ordered, and a notification by him to the manufacturer that the remainder of the shipment is rejected and not accepted but is held by the merchant subject to the manufacturer's disposal, is not an acceptance of the entire shipment, but is an acceptance only of the five dozen hats which the merchant had ordered, and the merchant is liable to pay to the manufacturer only for the five dozen hats ordered and accepted by him, and is not liable for payment for the entire shipment.

2. Where goods have been shipped and delivered to a person who did not order them, his acceptance of a portion of the goods amounts to an acceptance of the entire shipment. Thus where a manufacturer of hats shipped to a retail merchant one dozen hats which the merchant had

434

not ordered, and the merchant accepts two of the hats by using one for himself and selling the other to a customer, he has thereby accepted the entire shipment and is liable for payment therefor, notwithstanding he may have notified the manufacturer that he was holding the remainder of the hats subject to the manufacturer's disposal. *Cohen* v. *Arenson*, 29 *Ga. App.* 723, 725 (116 S. E. 658).

3. In this suit by the manufacturer against the merchant to recover for the goods shipped and delivered to the defendant, it appears from the uncontradicted evidence adduced upon the trial that the defendant is liable for payment to the plaintiff for only five dozen hats as indicated in paragraph 1 above, and for a dozen hats as indicated in paragraph 2 above. The verdict found for the plaintiff, in an amount representing only the amount due for the five dozen hats as indicated in paragraph 1 above, and not including the amount due for the one dozen hats as indicated in paragraph 2 above, is in an amount less than that demanded for the plaintiff by the undisputed evidence and is therefore contrary to law. The court erred in overruling the plaintiff's motion for new trial.

4. The above rulings dispose of the special grounds of the amendment to the motion for new trial.

<em>Judgment reversed. Jenkins, P. J., and Sutton, J., concur.</em>

DECIDED JUNE 8, 1936.

*Hall & Jones,* for plaintiff.  *S. H. Dyer,* for defendant.