32224. WHITAKER *v.* PADEN.

DECIDED DECEMBER 3, 1948.

*Matthews, Long & Moore, Virlyn B. Moore Jr.,* for plaintiff in error.

*Andrew A. Smith, Marvin O'Neal Jr., G. Garlan Herin,* contra.

TOWNSEND, J. (After stating the foregoing facts.) The question presented here is controlled by the contract between the plaintiff and the defendant. If the defendant was to account to the plaintiff and pay him for the chemicals which he was holding in his place of business as the property of the plaintiff, as the same were sold by him, then he was the bailee of the property which he held on consignment. See *Furst Bros.* v. *Commercial Bank of Augusta,* 117 *Ga.* 472 (1) (43 S. E. 728); *McKenzie* v. *Roper Wholesale Groc. Co.,* 9 *Ga. App.* 185 (70 S. E. 981); *Johnston-*

*Crews Co.* v. *Smith,* 161 *Ga.* 382 (131 S. E. 65). This is the contention of the defendant. If the contract was one of outright sale to the defendant by the plaintiff, then the title to the property passed to the defendant, and of course the plaintiff is entitled to recover the contract price thereof. This is the contention of the plaintiff.

In order for the direction of a verdict to be error, it must appear that there was some evidence, together with all reasonable deductions and inferences from it, to support the contentions of the defendant.

The verdict having been directed in favor of the plaintiff, the evidence must be construed in its light most favorable to the defendant to determine if there is any to support a verdict for him.

Although there was some correspondence, there is no writing that definitely and conclusively shows the acceptance of a written offer. The contract, therefore, was parol, and the revelation of its terms must depend upon the testimony of the parties together with circumstances supporting either or both.

The circumstances that indicate a meeting of the minds of the parties hereto on an outright sale of the chemicals, in accordance with the contention of the plaintiff, consist of: letters written by the plaintiff to the defendant inferring that the chemicals had been sold to the defendant, to which no response was made to the contrary; an invoice mailed by the plaintiff to the defendant showing a sum due for the chemicals together with certain credits; payment by the defendant of obligations of the plaintiff, consisting of the attorney fee, the freight, the Ansley Hotel sales-banquet expenses, the payment by the defendant to the plaintiff on the account, and use by the defendant of a part of the chemicals.

Although these circumstances strongly point to the contentions of the plaintiff, yet they are not conclusive evidence that the chemicals were sold unconditionally to the defendant. The circumstances are subject to explanation by the defendant. In his answer and cross-action he undertakes to explain them. He also undertakes to explain them in his testimony.

It is insisted by counsel for the defendant that Code § 38-120

— which provides that, "in the ordinary course of business, when good faith requires an answer it is the duty of a party receiving a letter from the other to answer within a reasonable time. Otherwise he is presumed to admit the propriety of the acts mentioned in the letter of his correspondent, and to adopt them" — applies in this case; that the defendant having received letters referring to the transaction as an outright sale and having received an invoice designating the transaction as such and having failed to reply thereto contradicting the same, he is now presumed to admit them. This is true. However, this presumption is rebuttable. See *Travelers Ins. Co.* v. *Sheppard,* 85 *Ga.* 754(21) (12 S. E. 18); Metropolitan Life Ins. Co. *v.* Shalloway, 151 Fed. 2d, 548. Nor does an invoice designating a transaction as a cash sale conclusively establish it as such. See *Furst Bros.* v. *Commercial Bank of Augusta,* supra. Counsel for the defendant also contend that the use of a part of the product by the defendant · conclusively establishes the transaction as one of outright sale, and in support of this contention they cite *Watkins* v. *Paine,* 57 *Ga.* 50; *Arnall-Couch-Powers Co.* v. *National Discount Co.,* 11 *Ga. App.* 487 (75 S. E. 816); *Cohen* v. *Arenson,* 29 *Ga. App.* 723 (116 S. E. 658); *DeVaughn's Son* v. *Ohio Pottery & Glass Co.,* 12 *Ga. App.* 50(1) (76 S. E. 793). The *Watkins* case is not controlling here, because in that case the complaint of the defendant was that some of the articles of furniture shipped were not ordered, that some of the ornaments· on the furniture failed to arrive, and that the. whole shipment was late. The *Arnall-Couch-Powers Co.* case merely holds that, where the contract which is the basis of a suit is an entire one, the defendant cannot accept a part of the goods purchased and reject a part. The *Cohen* case, supra, holds that where 12 suits are ordered and at first rejected, then later one of the suits is used and the remaining 11 returned, the purchaser is liable for all 12 of the suits. Obviously this constituted an entire contract, and the court appropriately held that the purchaser could not accept a part and reject a part; that his acceptance of a part constituted· an acceptance of the whole. The *DeVaughn's Son* case is to the same effect.

Here it is contended by the defendant that, under the express

terms of the contract, he was to use a part of the chemicals, that he was use the chemicals as the orders came in, and that he was to pay for the chemicals as used. Certainly under such circumstances a use of the part of the goods would not constitute an acceptance of the whole.

In support of his contentions, aside from his efforts to explain his payment of the attorney fee, his payment of the hotel banquet expenses, his payment of the freight, and his payment of $2000 "as an advance," the defendant testified that he never ordered the chemicals or agreed to pay any price for them, and that when he took the drums out of storage at the instance of the plaintiff, he wrote the plaintiff that he was holding them as the property of the plaintiff. The record discloses a letter to this effect, in which the defendant states regarding the chemicals that "we will hold as your property until we come to some definite agreement after our August 15th meeting." Of what this agreement consisted is now the principal issue in this litigation. The defendant also testified that under the contract he was to pay for the materials only as used; and that he was to be the blender of the product in the plaintiff's organization. The testimony of the plaintiff, which is supported by most of the circumstances, was to the effect that the agreement reached by the parties was one of outright sale of the chemicals.

The evidence was therefore in conflict on the most material issue in the case and its determination was essentially a jury question. Accordingly, the verdict should not have been directed.

The judgment of the trial court overruling the motion for a new trial was therefore error.

*Judgment reversed. MacIntyre, P. J., and Gardner, J., concur.*