## 36267.  ATLANTIC COAST LINE RAILROAD CO. *v.*
## ASSOCIATED TRANSPORTS, INC.

Decided October 19, 1956—Rehearing denied November 16, 1956.

*Troutman, Sams, Schroder & Lockerman, Tench C. Coxe,* for plaintiff in error.

*Henry M. Quillian, Jr., Bryan, Carter, Ansley & Smith,* contra.

Gardner, P. J.  Counsel deal with the case by taking up the three special grounds in their argument.  We will follow the same procedure in this opinion.

Special ground 1 assigns error because the court erred in refusing to give the following request to charge: "I charge you that where the view or the hearing of a traveler approaching a

railroad crossing is obstructed, he is under the duty of using greater care and prudence in looking and listening for approaching trains than where there is no obstruction. The degree of care which he must exercise in such cases, particularly where he is familiar with the crossing, must be in proportion to the increase of danger, and must be such care and prudence in looking and listening as an ordinarily prudent man would exercise under like circumstances of obstructions to view or hearing, the question of the exercise of proper care and prudence in looking and listening depending upon the circumstances at the time and crossing." This request to charge was pertinent and applicable under the facts of this case. In *Atlantic Coast Line R. Co. v. Anderson*, 75 *Ga. App.* 829, 831 (44 S. E. 2d 576) this court said: "As a general rule, a ground of a motion for new trial complaining of the refusal of the court to charge a written request is not valid where it appears that in the charge given the request was substantially covered; but there are exceptions to this rule." The court charged the jury in part as follows: "You may take into consideration all of the facts and circumstances of the case as disclosed to you by the evidence . . ." The charge of the court reveals that the court charged that both the plaintiff and the defendant were bound to exercise ordinary care. The court then instructed the jury that "ordinary care, as applied to the plaintiff, has the same definition as that already given you, that is, the plaintiff's driver must exercise the degree of care that an ordinarily prudent person would exercise under the same or similar circumstances. . ." The court further charged: "I charge you that the precise thing which every person is bound to do before going on a railroad track is that which every prudent man would do under like circumstances; and if there is a place of safety from which a prudent man would look upon the course from which oncoming trains might come, the driver of a vehicle should look upon such course from that point, and so take the necessary precautions both for himself and his vehicle." The court also charged in this connection that a traveler over a private railroad crossing is bound to exercise more care than at a public crossing. When we review the charge as a whole we find that the jury were instructed to take into consideration all the facts and circumstances of the case, and that the plaintiff's driver, when he faced the crossing with the

boxcars nearby, was required to exercise that high degree of care demanded by the circumstances existing at that time at the crossing. It is our opinion that the entire charge of the court on this issue instructed the jury that an ordinarily prudent person should exercise greater care and prudence in looking and listening for approaching trains when his view is obstructed than would be necessary otherwise. It is our opinion also that, taking the charge as a whole regarding this special ground, the jury did consider this greater degree of care on the part of the plaintiff's driver of the truck. In view of all the facts and circumstances of this case and the charge of the court as a whole relative to this assignment of error, the court did not err in determining that the errors assigned in this ground did not require a new trial.

■ Special ground 2 assigns error because the court charged as follows: "In paragraph 9 of its petition the plaintiff alleges the following: 'Defendant was negligent and failed to exercise legally required care, and was negligent in the following particulars, to wit: . . . (c) In operating an engine in reverse and backing same into the tractor-trailer unit of the plaintiff, which was proceeding slowly across the tracks, and could have been seen had anyone been looking along the tracks in the direction said engine was backing. (d) In backing said engine and running the same in reverse without providing an adequate lookout. (e) In backing said engine and reversing same along the tracks and across a roadway and passageway used by trucks and other vehicles without observing whether the tracks were clear of other vehicles which might be crossing said tracks to get to warehouses located in the railroad yard. (f) In that the engineer and fireman in charge of said train failed to keep a constant and vigilant lookout ahead as the train approached the crossing and backed across said roadway and passageway provided for the vehicle." Before discussing this ground we might state that it will be observed in this ground that (a) and (b) at the beginning of this paragraph of the charge of this court were omitted. (A) and (b) immediately preceding the excerpt from the charge in this ground read: "(a) In operating an engine in reverse and in backing same across a roadway and passageway without a flagman or other attendant on the rear. (b) In operating an engine in reverse and in backing same across a roadway and passageway without

having anyone left along the side tracks to see if the tracks were clear." (g) Immediately following the excerpt reads as follows: "In that the engineer and fireman in charge of said train, knowing of the absence of a watchman or flagman at the crossing, failed to stop or slow the train sufficiently to have a member of the train crew go in advance thereof and flag the crossing before the train moved over it; and in that no member of the train crew flagged the crossing before the train entered on it and backed across said passageway." (A), (b) and (g) should be treated in conjunction with the entire subject matter of this excerpt since there was evidence introduced touching these divisions, as well as touching the excerpt as set forth hereinabove. We note that special ground 3 elaborates on a portion of these allegations, namely those designated as (a) and (g). We have examined the evidence closely as to the manner of backing the train and the manner in which the driver of the truck approached the crossing and we are convinced that it was a jury question as to whether or not, under all the facts and circumstances involved, the defendant was liable for the amount of the verdict rendered. We are of the opinion that the court did not err in denying this special ground of the motion for new trial.

■ Special ground 3 as stated hereinabove, elaborates on divisions (a) and (g) of the charge of the court. We have dealt with all of the subject matter in division 2 hereinabove, relating to special ground 2. As to (a) and (g), in our opinion we have dealt with practically the same contention in deciding special ground 2. Of course, ordinarily a railroad is not bound to maintain a watchman or flagman at a crossing, but must do so if the particular circumstances demand it. We hold that the evidence in this case would authorize the jury, under all the facts and circumstances involved here, to find that the defendant should have exercised more diligence than this record reveals. Each party involved is represented by able counsel. They have left no situation or facts or circumstances unexplored and have not failed to cite any decision, of which we have any knowledge, bearing on their respective views of the case. The case presents a jury question, as we view it, and we find no reversible error of law committed by the trial court.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*