19458. LOVEJOY *v.* TIDWELL.

ARGUED OCTOBER 8, 1956—DECIDED DECEMBER 5, 1956.

*Martin, Snow & Grant,* for plaintiff in error.

*George L. Jackson, H. T. O'Neal, Jr.,* contra.

HEAD, Justice. The opinion of the Court of Appeals concisely sets forth the testimony of the witnesses Studer and Mooneyham, to the effect that, while they were traveling toward Macon at a, rate of speed of from 50 to 55 miles per hour, the plaintiff's Lincoln automobile passed them at a speed of from 85 to 95 miles per hour, and that, 10 or 15 minutes later, they arrived at the scene of the collision, which they neither saw nor heard. The Court of Appeals ruled that the admission of this evidence as to the speed of the plaintiff's automobile at an "undetermined time" before the collision, and at an "undetermined distance" from the collision, was reversible error.

It is true that neither of the defendant's witnesses stated the exact time of the collision, nor the exact distance they were from the scene of the collision when the plaintiff passed them. Facts are stated by the witnesses, however, from which the jury could have ascertained these facts with a reasonable degree of certainty. For example, if the plaintiff passed the defendant's witnesses 10 minutes before they reached the scene of the collision,

while they were traveling at 55 miles per hour, the point of such passage was less than 10 miles from the place of collision. If at the time the plaintiff passed the witnesses he was traveling at the lowest rate of speed stated by them, to wit, 85 miles per hour, it would have required approximately 6½ minutes for the plaintiff to have reached the scene of the collision. Facts reasonably and logically consequent from facts proved may be considered by the jury in arriving at their verdict. Code § 38-123.

In the present case the defendant alleged in his answer that the plaintiff's damages were the result of his own negligence. The defendant testified that, at the time of the collision, the plaintiff's car was traveling at a speed of 70 miles per hour. The rate of speed by the plaintiff was therefore an issue for determination by the jury on the question of negligence. Counsel for the plaintiff state in their brief that the speed of the plaintiff's car upon the highway "was not necessarily indicative of the speed" at the point of collision. Testimony of excessive speed upon the highway shortly prior to the collision might be such a fact, however, if believed by the jury, as would tend to support the defendant's testimony of excessive speed by the plaintiff at the time of the collision.

It has long been the rule in this State that where the relevancy or competency of evidence is doubtful, it should be admitted and its weight left to the determination of the jury. *Dalton* v. *Drake,* 75 *Ga.* 115; *Talbotton Railroad Co.* v. *Gibson,* 106 *Ga.* 229, 236 (32 S. E. 151); *Nugent* v. *Watkins,* 129 *Ga.* 382, 385 (58 S. E. 888); *Crozier* v. *Goldman,* 153 *Ga.* 162, 165 (111 S. E. 666); *Purser* v. *McNair,* 153 *Ga.* 405 (112 S. E. 648); *Central of Georgia Ry. Co.* v. *Keating,* 177 *Ga.* 345, 352 (170 S. E. 493); *Fitzgerald* v. *Vaughn,* 189 *Ga.* 707, 709 (7 S. E. 2d 78).

In *Central of Georgia Ry. Co.* v. *Keating,* supra, the Supreme Court reversed the ruling of the Court of Appeals that evidence of the speed of the plaintiff's automobile at a point approximately one mile from the scene of the accident was not admissible. We have been unable to find any decision by this court since the *Keating* case concerning the relevancy of testimony of excessive speed prior to a collision. This is a question, however, that has been repeatedly considered by the courts of this country. See 61 C. J. S. 269, § 516.

In Atlantic Greyhound Corp. *v.* Crenshaw, 99 Fed. 2d 449, the United States Court of Appeals for the Fifth Circuit held that evidence of the speed at which a bus was operated from Columbia, South Carolina, to a point about 6 miles south of Chester, South Carolina, was properly admitted. The court cited *Central of Georgia Ry. Co.* v. *Keating,* supra, for the proposition that the admissibility of such evidence must depend upon the facts of each case.

In Comins *v.* Scrivener, 214 Fed. 2d 810, the contention was made that evidence of speed preceding an accident at a point 3, 5, or 10 miles from the scene of the accident, was wholly immaterial and prejudicial. The United States Court of Appeals for the Tenth Circuit held that whether evidence should be admitted tending to show a rate of speed at a time and place other than at the instant of, or immediately prior to, the accident, depends upon the particular case, and rests largely in the discretion of the trial court. It was there held that the evidence of excessive speed at a distance from the scene of the collision of 3, 5, or 10 miles was properly admitted.

The jury in the present case would have been authorized to infer from the testimony of the witnesses Studer and Mooneyham that the plaintiff continued to operate his automobile at an excessive rate of speed from the time he passed them until the collision occurred, since they testified that they were not within sight or sound of the collision when it occurred. The trial court properly admitted the testimony of Studer and Mooneyham, and the Court of Appeals erred in holding that their testimony was incompetent.

*Judgment reversed. All the Justices concur, except Mobley, J., who is disqualified.*