### 39019. WILLIAMS v. SLUSSER.

CARLISLE, Presiding Judge. 1. Where the bill of exceptions recites the essential facts respecting the filing of pleadings, the conduct of the trial, the filing of a motion for a new trial and the amendment thereof, and the overruling of such motion and assigns error in the following language: "To the judgment of the trial court overruling his motion for a new trial, as amended, the defendant then and there excepted and now excepts and assigns error thereon as being contrary to law on each and all of the grounds of said motion for a new trial, as amended, and says that the court erred in overruling said

motion, as amended," such assignment of error is a sufficient assignment of error on a final judgment and is equivalent to incorporating each ground of the motion in the bill of exceptions and is sufficient to avoid a dismissal of the bill of exceptions if any ground of the motion for a new trial is sufficient. *Roberts v. McBrayer*, 194 Ga. 606, 612 (1) (22 SE2d 165). The motion to dismiss is not meritorious.

2. "Where there is no conflict in the evidence, and that introduced, with all reasonable deductions or inferences therefrom, shall demand a particular verdict, the court may direct the jury to find for the party entitled thereto." *Code* § 110-104. However, where there is a conflict in the material evidence, it is reversible error to direct a verdict. *Everett v. Miller*, 183 Ga. 343 (188 SE 342); *Duncan v. Mayfield*, 209 Ga. 882 (76 SE2d 805). "It is error for the trial court to direct a verdict where there is some evidence which, together with all reasonable deductions and inferences therefrom, would support a verdict in favor of the party against whom the verdict is directed." *Curry v. Roberson*, 87 Ga. App. 785 (75 SE2d 282). In determining whether the trial court properly directed a verdict, the evidence must be construed most favorably to the party against whom it was directed. *Whitaker v. Paden*, 78 Ga. App. 145 (50 SE2d 774).

3. One confronted with a sudden emergency is not chargeable with the same circumspection of conduct as in other cases, and where one driving an automobile along a public road, upon rounding a curve, is confronted by a vehicle approaching from the opposite direction and over the center line of the road (*Code Ann.* § 68-1634), an emergency is thereby created as a matter of law, and though his subsequent conduct may appear, in retrospect, to have been unwise, he will not be barred of a recovery from the owner and driver of the vehicle being driven over the center line of the road by the mere fact that at the time of the collision between the two, his vehicle was being driven on the left-hand side of the road. *Morrow v. Southeastern Stages*, 68 Ga. App. 142, 147 (2) (22 SE2d 336).

4. Applying the foregoing rules of law to the facts in the instant case, where the defendant in his cross-petition charged the plaintiff's driver with negligence in driving his vehicle on the left-hand side of the road, and with negligence in forcing the

defendant off the hard surface of the road, and where the defendant and one of his witnesses testified substantially that while driving his automobile along the public highway the defendant saw the plaintiff's large tractor-trailer truck loaded with a bulldozer approaching from the opposite direction and two feet over the center line, and that fearing a head-on collision, the defendant drove his automobile off the hard surface of the road onto the shoulder and lost control of the same when it ran into a washed-out place on the shoulder, and that his vehicle thereafter crossed the center line of the road and collided with the right front of the plaintiff's vehicle causing the injuries sued for in the cross-petition, it was error for the trial judge to direct a verdict against the defendant's cross-petition. Whether or not the defendant's testimony and that of his witness was, under all the facts and circumstances of the case, entitled to credit as against contradictory evidence by the plaintiff's witnesses, was solely a question for the jury to decide.

5. "The general character of the parties, and especially their conduct in other transactions, are irrelevant matter . . ." *Code* § 38-202. " 'In actions for damages for injuries sustained in an automobile accident alleged to have been caused by the negligence of the defendant, the issue before the court is the negligence or non-negligence of the defendant at the time and place of the accident. 45 C. J. 1246, § 809. And each transaction must be ascertained by its own circumstances, and not by the reputation or character of the parties. 20 Am. Jur. 300, § 319. It is a general rule that in a suit for negligence, evidence of similar acts or omissions on other and different occasions is not admissible. *Hollomon v. Hopson,* 45 Ga. App. 762, 765 (8) (166 SE 45.)' " *Hawkins v. Benton Rapid Express,* 82 Ga. App. 819, 828 (62 SE2d 612). It was error for the trial court to permit a witness for the plaintiff to testify that he knew the plaintiff's driver, and from observation, knew that he drove in a careful manner.

6. The remaining grounds of the motion for a new trial do not show harmful or reversible error. Since the trial court erred in directing a verdict for the plaintiff on the defendant's cross-action, as complained of in special ground 1 of the motion, and in admitting irrelevant testimony, as complained of in special ground 2, the court erred in overruling the motion for a new trial.

*Judgment reversed. Nichols and Eberhardt, JJ., concur.*
DECIDED SEPTEMBER 22, 1961.

*Alvin L. Layne, J. Ellis Pope,* for plaintiff in error.
*Sharpe & Sharpe, T. Ross Sharpe,* contra.