## 52765. KALISH v. KING CABINET COMPANY, INC.

QUILLIAN, Presiding Judge.

This is an action by plaintiff to obtain payment for the installation of cabinets in defendant's house during its initial construction. The complaint is in two counts. Count 1 is based on contract in which a materialmen's lien was filed, and Count 2 is based on quantum meruit. Defendant's motion for directed verdict as to Count 2 was sustained. Plaintiff's motion for a directed verdict on Count 1 was granted. Defendant appeals.

1. Defendant contended that he contracted with Robert A. Buchler, Inc. for the construction of his house, and that Buchler contracted with plaintiff for the cabinets installed in his house. Kalish and his wife testified that they told the plaintiff's owners, Mr. Fitts and Mr. Chilton, "the contractor . . . would be making all arrangements . . . [including] all financial arrangements with them." They saw the contractor and plaintiff's owners "discussing the arrangements for the cabinets." Mr. Kalish also testified that when he received a bill in July, he called Mr. Chilton who said that "he had not received payment for the cabinets from Buchler . . . [and] if they couldn't get the payment from the builder they were going to have to come after me. . ."

The plaintiff's owners testified that they dealt solely with Mr. and Mrs. Kalish, and their contract was with them — not Buchler. Defendant offered his contract with Buchler into evidence. Upon objection, it was excluded. It showed that defendant contracted with Buchler to build his house, and the contract included: "Kitchen cabinets [and] wall units." Since one of defendant's defenses at trial was that he did not contract with plaintiff, but with Buch-

ler; that plaintiff contracted with Buchler for installation of the cabinets and sent its bill to him, this matter did relate to a question being tried by the jury. Code § 38-201. Evidence which relates to other evidence before the jury, which tends to illustrate, or explain the issue, or aid in arriving at the truth is admissible. *Willis v. Kemp,* 130 Ga. App. 758 (1) (204 SE2d 486). "Where the relevancy or competency of evidence is doubtful, it should be admitted and its weight left to the determination of the jury." *Cravey v. J. S. Gainer &c. Co.,* 128 Ga. App. 465, 468 (4) (197 SE2d 171); *Lovejoy v. Tidwell,* 212 Ga. 750, 751 (95 SE2d 784). The evidence was relevant as it tended to support a portion of defendant's defense, and its exclusion was error.

2. Defendant moved for a directed verdict on Count 1 on the ground that it was based on a "lien," and the lien had not been filed within the statutory period. This motion was denied. The testimony of the defendant was that the cabinets were installed before May 1, 1974. The plaintiff's owners' testimony showed the cabinets were delivered on May 10, 1974, and the installation "was done within the course of a week . . . give or take a day either way. . ." The lien was admitted without objection. It was dated August 27, 1974. Code Ann. § 67-2002 (2) (Ga. L. 1952, pp. 291, 292, as amended), requires the "filing for record of his claim of lien within three months after the completion of the work. . ." Under any construction of the above facts, the work was completed before May 20, 1974. Thus, the lien was not filed within the statutory period.

However, even though plaintiff could not sustain its action under the "claim of lien" theory, its complaint also averred that "[p]laintiff has performed its contract and there is a balance due." Our Supreme Court held in *Dillingham v. Doctors Clinic,* 236 Ga. 302 (223 SE2d 625): "The CPA abolished 'issue pleading,' substituted in lieu thereof 'notice pleading,' and directs that 'all pleadings shall be so construed as to do substantial justice. . . [Cits.] 'Under the CPA, a pleading should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' [Cits.]. . . [T]he objective of the CPA is to avoid technicalities and to

require only a short and plain statement of the claim that will give the defendant fair notice of what the claim is and a general indication of the type of litigation involved; the discovery process bears the burden of filling in details." Here the plaintiff alleged contract, independent of a claim of lien, introduced evidence of the existence of a contract between plaintiff and defendant, and was entitled to proceed to trial on that basis. The trial court did not err in denying defendant's motion for a directed verdict as to Count 1.

3. Defendant alleges the trial court erred in directing a verdict for the plaintiff. "The direction of a verdict is proper only where there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict." *State Farm &c. Ins. Co. v. Snyder,* 125 Ga. App. 352 (187 SE2d 878); *Johnson v. Mann,* 132 Ga. App. 169 (207 SE2d 663); Code Ann. § 81A-150 (a) (Ga. L. 1966, pp. 609, 656; 1967, pp. 226, 237). It is permissible only in situations where, "if there were a determination the other way, it would have to be set aside by the court." *Sunset Villa v. Mothner-Simowitz Ins. Agency,* 135 Ga. App. 706 (218 SE2d 463). Further, evidence in cases of directed verdict must be construed most favorably toward the party opposing the motion. *Osborne v. Martin,* 136 Ga. App. 86, 88 (5) (220 SE2d 19); *Gray v. Atlanta Transit,* 136 Ga. App. 573 (222 SE2d 67). Conceding arguendo that the weight of the evidence may have favored plaintiff, this will not authorize direction of a verdict in its favor. *Heaton v. Smith,* 121 Ga. App. 348, 351 (174 SE2d 197); *Grossman v. Glass,* 136 Ga. App. 575, 577 (1) (222 SE2d 64). The evidence of the plaintiff and defendant, both direct and circumstantial, was in conflict as to the existence of a contract. A verdict was not demanded for plaintiff as the jury should have determined the credibility of the witnesses and the weight of the evidence.

*Judgment reversed. Marshall and McMurray, JJ., concur.*

SUBMITTED OCTOBER 12, 1976 — DECIDED NOVEMBER 5, 1976.

*Rose & Stern, George S. Stern, James W. Penland,* for appellant.

*Fredericks, Jones & Wilbur, Carl P. Fredericks,* for appellee.