## 65710. HESTER v. ASSOCIATED INDEMNITY CORPORATION.

DEEN, Presiding Judge.
Appellant Hester was injured in an automobile collision on September 26, 1980. She was treated by hospital emergency room personnel, and subsequently by her private medical doctor and a

chiropractor, for soft-tissue (i.e., non-bony tissues) injuries to her neck, shoulder, back, and knees. Apparently through a clerical error she received no claim forms from her no-fault carrier, appellee Associated Indemnity Corp. (Associated). Some thirty-three days after the collision the attorney she had retained went to the claims office and presented a demand for payment, to which were attached doctors' and hospital reports and bills incurred to date. The attorney was given forms for appellant to complete, and within two weeks thereafter Associated paid these claims for medical expenses, loss of wages, and necessary services, as required by the Georgia Motor Vehicle Accident Reparations Act, OCGA § 33-34-4 (Code Ann. § 56-3403b). Simultaneously, Associated arranged for Mrs. Hester to be examined by an orthopedic surgeon on the company's approved list. Upon receipt of a report from this physician that appellant was able to return to work, Associated terminated all payments as of November 17, 1980.

Appellant continued to visit her private doctors and did not return to work for approximately six months after the date of the collision. She then worked half-time for about three months, and returned to full-time work July 6, 1981. In the meanwhile she had filed an action against Associated under the provisions of OCGA § 33-4-6 (Code Ann. § 56-1206), seeking payment for medical expenses and loss of wages accruing after November 27, 1980, plus the statutorily authorized "bad faith" penalty of attorney fees and punitive damages. Both her medical doctor and her chiropractor testified at trial that she was still partially disabled when she returned to work and that the claims for medical expenses and loss of wages were justified by the condition of her health which resulted from the automobile accident.

A Fulton County jury awarded Ms. Hester $175 in medical fees, $2,000 representing lost wages, $100 in punitive damages, and nothing for attorney fees. Ms. Hester appeals, enumerating as error the trial court's denial of her motion for judgment n.o.v. and of her motion for a new trial based on the general grounds; on the admission of allegedly irrelevant and prejudicial evidence; and on the court's allegedly erroneous and confusing jury instructions. *Held:*

1. The court below did not err in denying appellant's motion for judgment notwithstanding the verdict. The standard for granting judgment notwithstanding the verdict is the same as that for a directed verdict: "If there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict ..." OCGA § 9-11-50 (Code Ann. § 81A-150); *Russell v. State,* 155 Ga. App. 555 (271 SE2d 689) (1980); *U. S. Fidelity &c. Co. v. Blankenship*

*Plumbing Co.,* 153 Ga. App. 335 (265 SE2d 66) (1980). Such a motion should be granted "only when, without weighing the credibility of the evidence, there can be but one reasonable conclusion as to the proper judgment." *Church's Fried Chicken v. Lewis,* 150 Ga. App. 154, 159 (256 SE2d 916) (1979). In the case at bar there was conflicting evidence on material issues. Therefore, the court properly denied the motion.

2. The trial court did not err in denying appellant's motion for a new trial. Appellant's assertion of the general grounds is without merit. Except in one small particular discussed in Division 3, infra, the relevant law was fully complied with at trial, and the evidence presented by the defense more than satisfies the "any evidence" standard utilized by this court. The evidence whose admission appellant challenges — that concerning appellant's medical history — was directly relevant to the issue of Associated's good faith, as well as to other issues essential to resolution of the parties' dispute. If there is debate as to the relevance of certain evidence, it is preferable that it be admitted and the jury allowed to determine what weight it should be given. *Davis v. Cincinnati Ins. Co.,* 160 Ga. App. 813, 816 (288 SE2d 233) (1982); *Lovejoy v. Tidwell,* 212 Ga. 750, 751 (95 SE2d 784) (1957); *Kalish v. King Cabinet Co.,* 140 Ga. App. 345, 346 (232 SE2d 86) (1976). Moreover, scrutiny of the trial transcript reveals that the court was careful to exclude as irrelevant certain evidence whose admission was also urged by Associated; namely, evidence regarding appellant's medical history subsequent to the date of her returning to full-time work.

As to the challenged jury instruction, we find it unexceptionable as to clarity, coherence, and fidelity to relevant law. In large part the instruction employed the statutory language *verbatim,* and where it departed from this language, it did so in the interest of simplification and clarification for the benefit of jurors unschooled in legal technicalities and terms of art. It correctly stated the law as adjusted to the evidence and therefore meets the applicable standard. Moreover, since appellant's counsel did not object to the specific portions of the instruction complained of here, this enumeration cannot be considered on appeal. OCGA § 5-5-24 (Code Ann. § 70-207); *Harper v. Ga. Sou. & Fla. R. Co.,* 140 Ga. App. 802 (232 SE2d 118) (1976).

3. Although not enumerated separately, a technical inconsistency in the verdict receives great emphasis in appellant's brief. Appellant contends that the award of punitive damages mandates the award of attorney fees also, since both are comprehended in the "penalty" prescribed in OCGA § 33-34-6 (b) (Code Ann. § 56-3406b) when the insurer fails to prove good faith.

This court has held that the award of attorney fees is unauthorized where the verdict expressly states that no bad faith is found. *Hardin v. Fireman's Fund Ins. Co.,* 150 Ga. App. 277 (257 SE2d 300) (1979). We have also held, however, that § 33-34-6 (Code Ann. § 56-3406b) "merely authorizes, but does not require" imposition of a penalty for bad faith. *Miller v. Spicer,* 147 Ga. App. 759 (250 SE2d 492) (1978); *Bituminous Cas. Corp. v. Mowery,* 145 Ga. App. 45 (244 SE2d 573) (1978). In the instant case there was no express finding, pro or con, regarding good faith. The jury apparently believed that Associated had not met its burden of showing good faith but saw fit to impose as penalty only the sum of $100 in punitive damages, with no award of attorney fees. Such a determination was properly within the province of the jury and, contrary to appellant's contention, cannot be said to have resulted from any alleged defect in the court's instructions.

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED MARCH 17, 1983 —
REHEARING DENIED MARCH 29, 1983.

*Phillip N. Lavender,* for appellant.
*Palmer H. Ansley, Barry S. Mittenthal,* for appellee.